LAFAYETTE TRANSFER & STORAGE CO. *v.* MICHIGAN
PUBLIC UTILITIES COMMISSION.

1. STATUTES—NEW RIGHTS AND REMEDIES.
   Where a statute gives new rights and prescribes new remedies,
   such remedies must be strictly pursued; and a party seeking a
   remedy under the act is confined to the remedy conferred
   thereby and to that only.

2. SAME—APPEAL AND ERROR—REPEAL.
   Where a statute provides for an appeal or a writ of error to a
   specific court, it must be regarded as a repeal of any previous
   statute providing for a writ of error to another court.

3. SAME—NEW POWERS.
   Where a new statute gives a new power and at the same time
   provides the means of executing it, those who claim the power
   can execute it in no other way.

4. SAME—REPEAL BY IMPLICATION OF INCONSISTENT FORMER STATUTE.
   When a new statute covers the whole subject of an old one, adds
   offenses, and prescribes different penalties for those enumerated
   in the old law, the former statute is repealed by implication
   because the provisions of both cannot stand together.

5. SAME—CONSTRUCTION OF STATUTES—PURPOSE—INTENT.
   The object and purpose of statutory construction is to determine
   the intention of the legislature.

6. CARRIERS—AUTOMOBILES—REGULATION—PUBLIC UTILITIES COM-
   MISSION—REVIEW—STATUTES.
   Statute providing for regulation of common and contract motor
   carriers for hire by the public utilities commission, penalties
   for violation of the act and review of the orders of the com-
   mission by the Supreme Court as to the law and the facts in
   the same way as appeals from circuit courts in equity cases
   *held*, a new and independent act conferring new duties upon
   the public utilities commission, a new remedy for review of its
   orders and binding those who claim rights thereunder to the
   remedies given thereby (Act No. 254, Pub. Acts 1933).

7. Same—Review of Orders of Public Utilities Commission—
Automobiles—Issues of Fact—Supreme Court—Certiorari.

The only remedy for review of orders by the public utilities commission, arising under the act giving it power to regulate common and contract motor vehicle carriers for hire, is by way of certiorari and the Supreme Court has no power thereunder to substitute its judgment for that of the commission on issues of fact (Act No. 254, art. 5, § 20, Pub. Acts 1933).

8. Costs—Public Question—Statutes—Scope of Appeal.

No costs are allowed in suit involving scope of appeal from orders of the public utilities commission under statute providing for its regulation of common and contract motor vehicle carriers for hire, a public question being involved (Act No. 254, art. 5, § 20, Pub. Acts 1933).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 13, 1938. (Docket No. 32, Calendar No. 40,203.) Decided February 2, 1939. Rehearing denied March 10, 1939.

Bill by Lafayette Transfer & Storage Company against Michigan Public Utilities Commission to set aside an order, for an injunction and other relief. Harry Priebe, doing business as Priebe Brothers, intervened as a party defendant. From decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*K. F. Clardy,* for plaintiff.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd* and *H. Attix Kinch,* Assistants Attorney General, for defendant.

*Thomas N. Robinson* and *Charles W. Gore,* for intervening defendant.

Potter, J. Harry Priebe, doing business as Priebe Brothers, intervening defendant and appellant, applied to the Michigan public utilities commission for a permit to carry freight as a contract carrier. His

application was opposed by plaintiff and appellee. A permit was granted to Priebe Brothers, whereupon plaintiff filed a bill of complaint in the circuit court for Ingham county to review the order of the Michigan public utilities commission granting such permit. Testimony was taken, the case certified back to the Michigan public utilities commission which adhered to its original ruling, whereupon a decree was entered by the circuit court in chancery reversing the order of the Michigan public utilities commission. Defendants appeal.

The Michigan public utilities commission, by the attorney general, by way of answer to plaintiff's bill of complaint in the circuit court for Ingham county in chancery, alleged that 2 Comp. Laws 1929, §§ 11014, 11042 (Stat. Ann. §§ 22.9, 22.45) in pursuance of which plaintiff's bill of complaint was filed, did not confer jurisdiction upon the circuit court for the county of Ingham in chancery to review orders of the Michigan public utilities commission pertaining to the granting of permits to motor vehicle carriers for hire.

At the time Act No. 145, Pub. Acts 1915 (2 Comp. Laws 1929, § 11006 *et seq.* [Stat. Ann. § 22.1 *et seq.*]), was passed and at the time Act No. 419, Pub. Acts 1919 (2 Comp. Laws 1929, § 11042 [Stat. Ann. § 22.45]), was passed, the Michigan public utilities commission had no jurisdiction at all over motor vehicle carriers for hire upon the public highways of the State.

Act No. 209, Pub. Acts 1923 (2 Comp. Laws 1929, § 11342 *et seq.*), first provided for the regulation of such common carriers. By Act No. 312, Pub. Acts 1931, the 1923 act was expressly repealed. By Act No. 254, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 11352–1 *et seq.,* Stat. Ann. § 22.531 *et seq.*), Act

No. 312, Pub. Acts 1931, and Act No. 209, Pub. Acts 1923, were expressly repealed. Act No. 254, Pub. Acts 1933, is the only act now in force governing the issuance of permits to motor vehicle carriers for hire. This statute was a consolidation of previous acts, it covered the entire field, it was an original and independent act. It conferred new powers upon the Michigan public utilities commission, defined those powers, and provided for new regulations for motor vehicle carriers for hire upon the public highways, whether such carriers were public or private carriers.

Act No. 254, art. 5, § 20, Pub. Acts 1933 (Stat. Ann. § 22.585), provides:

"The orders of the commission issued under the provisions of this act shall be subject to review by the Supreme Court of the State both as to the law and the facts; and the statutes, rules and practice on appeals to the Supreme Court from circuit courts in equity cases shall apply to and govern proceedings for such review. The Supreme Court is given jurisdiction to hear and determine such matters made reviewable hereunder."

Where a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only.

"Where a statute creates a new right or imposes a new duty or liability, unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive." 2 Lewis' Sutherland's Statutory Construction (2d Ed.), p. 1310.

"It is a well-established principle of law, that where a statute gives a new right and prescribes a

particular remedy, such remedy must be strictly pursued; and a party seeking the remedy is confined to that remedy, and that only." *Thurston* v. *Prentiss,* 1 Mich. 193, 200.

Where a statute provides for an appeal or a writ of error to a specific court, it must be regarded as a repeal of any previous statute providing for a writ of error to another court. *Brown* v. *United States,* 171 U. S. 631 (19 Sup. Ct. 56) ; *Laurel Oil & Gas Co.* v. *Morrison,* 212 U. S. 291 (29 Sup. Ct. 394) ; *Ansley* v. *Ainsworth,* 180 U. S. 253 (21 Sup. Ct. 364) ; *Binyon* v. *United States,* 195 U. S. 623 (25 Sup. Ct. 786) ; *Sass & Crawford* v. *Thomas,* 214 U. S. 489 (29 Sup. Ct. 695).

As said in *Jackson* v. *Cravens* (C. C. A.), 238 Fed. 117:

"Where an earlier statute provides a remedy covering all cases, and a subsequent statute creates a specific remedy for a particular case, the latter is to be construed to be exclusive, unless the purpose of the legislature or the convenience of the public demand a different rule of construction, and that this is true, though the language of the subsequent act is permissive, rather than mandatory."

Where a statute gives a new power and at the same time provides the means of executing it, those who claim the power can execute it in no other way. *Andover & Medford Turnpike Corporation* v. *Gould,* 6 Mass. 40 (4 Am. Dec. 80).

When a new statute covers the whole subject of an old one, adds offenses, and prescribes different penalties for those enumerated in the old law, the former statute is repealed by implication because the provisions of both cannot stand together. *Norris* v. *Crocker,* 13 How. (54 U. S.) 429. And a subse-

quent statute revising the whole subject matter of former ones and evidently intended as a substitute for it, though it contains no express words to that effect, must on principles of law as well as in reason and good sense operate to repeal the former. *Herron* v. *Carson*, 26 W. Va. 62.

It has been held by this court that the object and purpose of statutory construction is to determine the intention of the legislature. By Act No. 254, Pub. Acts 1933, the entire field of motor vehicle carrier transportation upon the public highways was covered with great particularity. The statute not only provides for the regulation of common carriers but contract motor carriers for hire. It gives the general supervision of these carriers to the Michigan public utilities commission, provides penalties for the violation of the act, and provides for review of the orders of the commission by the clause above quoted. We think this act is a new and independent act conferring new duties upon the Michigan public utilities commission and providing a new remedy for review of the orders of the commission, and that those who claim rights under this statute are bound by the remedies given under the statute. There is no provision in this statute for a review of the orders of the Michigan public utilities commission granted thereunder by the circuit court of Ingham county in chancery. The method of review fixed by statute is directly to the Supreme Court. The language of this statute was adopted from Act No. 312, Pub. Acts 1931, which came before the court in *Re Consolidated Freight Co.*, 265 Mich. 340 (4 P. U. R. [N. S.] 397) ; *In re Cloverleaf Motor Truck Transp. Co.*, 266 Mich. 534; and *In re Application of Smith*, 270 Mich. 343 (8 P. U. R. [N. S.] 490). These cases established the rule that the only remedy for review

of orders of the Michigan public utilities commission arising under the motor vehicle act was by certiorari, and that on review by certiorari of an order of the commission in relation to motor vehicle acts, this court had no power to substitute its judgment for that of the commission on issues of fact. Substantially the same construction must be given to the provisions of Act No. 254, art. 5, § 20, Pub. Acts 1933.

A reconsideration of what was said in *Rapid Railway Co.* v. *Michigan Public Utilities Commission,* 225 Mich. 425 (P. U. R. 1924B, 585); *In re Consolidated Freight Co., supra; In re Cloverleaf Motor Truck Transportation Co., supra;* and *National Automobile Transporters Ass'n* v. *Ingham Circuit Judge,* 279 Mich. 394, is persuasive that these cases, so far as they conflict with the conclusion arrived at herein, should be overruled.

The decree of the trial court is, therefore, reversed and bill of complaint dismissed, but without costs, a public question being involved.

BUSHNELL, SHARPE, CHANDLER, NORTH and MC-ALLISTER, JJ., concurred with POTTER, J. WIEST, J., concurred in the result. BUTZEL, C. J., did not sit.