## LEITH v. CITIZENS COMMERCIAL & SAVINGS BANK.

1. USURY—MORTGAGES—TAXES—RECORDING FEE.
   If amount exacted from mortgagors included interest at 7 per
   cent. per annum plus charge for mortgage tax and recording
   fee, the loan was usurious.

2. APPEAL AND ERROR—TRIAL COURT—ERRONEOUS FINDINGS—CORRECT
   CONCLUSION.
   Reversal of trial judge's order dismissing a petition is not re-
   quired where he reached the correct conclusion although he
   may have erred in factual findings and finding of law.

3. SAME—QUESTIONS REVIEWABLE—BELATED CROSS APPEAL.
   Question as to propriety of application of mortgage discharge
   statute to case where mortgagee's assignee was known and
   available, raised by defendant assignee in trial court where
   it was advised that the question be raised on general appeal,
   is considered as though a belated cross appeal had been asked
   for and granted, where plaintiffs still rely upon such statute
   for relief and question has been thoroughly briefed (3 Comp.
   Laws 1929, § 14403).

4. MORTGAGES—STATUTES—DISCHARGE—KNOWLEDGE OF RESIDENCE OR
   WHEREABOUTS OF MORTGAGEE OR ASSIGNEE.
   Under statute providing procedure for procuring discharge of
   a mortgage that has been paid in case the mortgagee or his
   assignee cannot be found, it is a necessary averment that the
   present residence or whereabouts of such mortgagee or as-
   signee is unknown to the petitioner and that he has been un-
   able to obtain same after diligent search and inquiry, hence is
   inapplicable in a contested case (3 Comp. Laws 1929, § 14403).

5. ACTION—CONDITIONS IMPOSED BY STATUTES.
   Generally where a remedy is given by statute all requirements
   imposed by it must be complied with.

Appeal from Genesee; Elliott (Philip), J. Sub-
mitted January 8, 1943. (Docket No. 75, Calendar

No. 42,212.)   Decided February 23, 1943.   Rehearing denied April 6, 1943.

Petition by John N. Leith and wife against Citizens Commercial & Savings Bank, trustee under the will of Asenath B. Edwards, deceased, for discharge of a mortgage under 3 Comp. Laws 1929, § 14403. Petition dismissed. Plaintiffs appeal. Affirmed.

*Walter C. Jones* and *Maurine L. Jones,* for plaintiff.

*Cline & George* (*John H. Farley,* of counsel), for defendant.

BUTZEL, J.   On April 6, 1925, plaintiffs made a loan of $6,000 from J. E. Burroughs and gave him a note and mortgage payable in five years with interest at the rate of 7 per cent. per annum payable semiannually.   On the following day, the mortgage was recorded and $3,500 was advanced on the loan; $1,000 was paid later in the month, and $1,500 the following month.   Burroughs added to the last payment the sum of $13.32 in order to pay unearned interest during the period in which the last two payments were withheld.   Plaintiff J. N. Leith on the day that the mortgage was given wrote a check for $31 to a finance company.   Burroughs was one of its officers and it acted as his agent.   The check showed the indorsement of the county treasurer.   It is quite evident that it paid the mortgage tax and recording fee.   If the amount exacted from the mortgagors included interest at 7 per cent. per annum plus $31, the loan would be usurious.   *Union Guardian Trust Co.* v. *Crawford,* 270 Mich. 207.   Although the mortgage became due on April 6, 1935, it was not paid.   However, interest continued to be

paid promptly thereafter. On August 25, 1931, Mr. Burroughs sold the mortgage to Asenath B. Edwards, who at the time was 86 years of age. Mr. Burroughs made the collections for Mrs. Edwards. On June 19, 1933, she died and Citizens Commercial & Savings Bank, defendant, was appointed trustee in accordance with her will. On November 9, 1936, the interest on the loan was voluntarily reduced by defendant from 7 per cent. to 6 per cent. per annum. Plaintiffs continued to pay the interest at the rate of 6 per cent. per annum, and also made small payments on the principal. No payments were made after January 9, 1940, and on May 7, 1940, defendant began foreclosure by advertisement. On August 3, 1940, it bid in the property at foreclosure sale for the sum of $5,988.04, the amount due with interest figured at the reduced rate. On May 15, 1940, plaintiffs demanded the discharge of the mortgage, claiming for the first time that the loan was usurious, and that the sum of all amounts paid for interest during the past 15 years including those made after the reduction of the rate of interest together with the small payments made on principal, were more than sufficient to pay off the entire mortgage. Upon defendant's refusal to comply with plaintiffs' request to discharge the mortgage, plaintiffs filed a petition to discharge under section 14403, 3 Comp. Laws 1929 (Stat. Ann. § 27.1187). The judge denied the petition. He held that plaintiffs had not sustained the burden of proof necessary to show that Burroughs demanded or received payment of the mortgage tax. He based this finding upon the inability of the plaintiffs to recall other incidents in connection with the making of the loan, and also Burroughs' action in allowing a credit for interest for the period in which payments were withheld on the loan. The judge further held that the

claim of usury came too late and that plaintiffs' waiting nine years after the mortgage became past due, and obtaining a reduction of the interest from defendant before claiming usury and thus causing the mortgagee's indulgence in extending the loan for so many years, constituted estoppel. The judge further questioned whether the entire proceeding under section 14403 was proper in view of the wording, purpose and requirements of the statute and the many other questions that could be raised in regard to the constitutionality of the statute if it could be used in a contested case. He stated that while the trial court might disagree with the rulings of the appellate court, he thought it improper to do so in view of the case of *McKenna* v. *Wilson,* 280 Mich. 227. He further stated that the whole question of whether this was a proper procedure should be presented to the Supreme Court. The judge dismissed the petition because of the other grounds.

Even assuming that there was some merit in plaintiffs' claims that the judge erred in his factual finding as to the payment of the mortgage tax, and also in his finding of law in regard to estoppel, questions we need not discuss, if he reached the correct conclusion, the proper administration of law does not require a reversal. *Eames* v. *Barber,* 192 Mich. 1. It was said in *Lentz* v. *Teutonia Fire Ins. Co.,* 96 Mich. 445, that if it appears there is any conclusive reason why no recovery should be had, the judgment should not be disturbed.

Plaintiffs contend even if the procedure set forth in section 14403 was not the proper one to use in the instant case, or if section 14403 would be unconstitutional if applied to a contested case of this nature, nevertheless, defendant appellee did not perfect a cross appeal and, therefore, cannot renew in the appellate court the objection made in the trial

court. This is not a case where the question was not raised in the trial court. While it would have been proper practice for defendant to perfect a cross appeal, the question of the propriety of the procedure under section 14403 became of prime importance. The trial court advised counsel that the question should be raised on general appeal. Appellants even now ask that we order the mortgage discharged in accordance with the procedure under section 14403. Defendant filed a motion to dismiss the appeal on account of the inapplicability of section 14403 to the facts in this case, and the further claim that if the statute could be thus applied, it would be unconstitutional. The plaintiffs answered that the question should be considered only on the appeal and not on the motion to dismiss, that these were issues to be raised and decided in the regular appeal. We denied the motion but without prejudice. In view of the way that the question arose in the trial court, where the court asked that it be referred to this court, the further fact that appellants ask relief under this act, and inasmuch as the question has been thoroughly briefed by both parties, we shall regard it as properly before us, the same as if a belated cross appeal had been asked for and granted.

Appellants claim that the question is settled in Michigan by the case of *McKenna* v. *Wilson,* 280 Mich. 227. It is true that in the latter case, plaintiff, claiming usury, sought the discharge of a mortgage under section 14403 in a contested case. The attorney for the defendant and appellee in the *McKenna Case* did not deny its applicability if the court was satisfied by proof that the principal and interest of the mortgage had been fully paid. The question now before us in the instant case was not raised in the *McKenna Case* and we did not pass

upon it. It now is squarely before us. Section 14403, 3 Comp. Laws 1929 (Stat. Ann. § 27.1187), provides an appropriate remedy in a case where there is no question but that the mortgage has been paid and where the present residence of the mortgagee or his assignee is unknown to the petitioner. The purpose of this section, as shown by its very terms, is to obtain a certificate of discharge of a mortgage which has been paid and where the owner of the mortgage or his assignee cannot be found. The necessary averment under the statute is "that the present residence or whereabouts of the mortgagee, owner of the land contract or tax lien (or his assignee, if the mortgage, land contract or tax lien shall have been assigned) is unknown to the petitioner, and that the petitioner has been unable to obtain the same after diligent search and inquiry." The present act is very similar to the original act that was first enacted by Act No. 102, Pub. Acts 1867, where other sections of the act were reenactments of chapter 65 of the Revised Statutes of 1846. The act provides for no process. It is brought on the law side of the court and provides for no jury trial. It is not applicable at all to a contested case for by its very terms it is to be used when the present residence or whereabouts of the mortgagee or his assignee is unknown. There was service of process, not provided for in the act, in the instant case.

In Massachusetts, the court passed upon a somewhat similar statute which provided for the discharge of a mortgage when a mortgagor had been in possession of the premises for over 20 years and made no payment on the mortgage. The court stated that the statute was to provide a simple and easy way to remove this kind of incumbrance from the record in cases where there was no controversy, and that when there was such controversy, other

procedure should be used. *McMahan v. McMahan,* 205 Mass. 99 (91 N. E. 298). It is a general principle of law that where a remedy is given by statute, all requirements imposed by it must be complied with. Some of the necessary averments to be set forth in a petition duly verified by the oath of petitioner, as required by section 14403, were not made in the instant case. It becomes unnecessary to discuss other questions in regard to the act or the procedural questions raised by appellee. The judge was correct in entering a judgment for defendant.

The judgment is affirmed, with costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.