*In re* PETITION OF STATE HIGHWAY COMMISSION.

1. STATUTES—CONSTRUCTION.

  The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the legislature; courts are bound, whenever possible, so to construe statutes as to give them validity and a reasonable construction; seeming inconsistencies in the various provisions of a statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute; a construction leading to an absurd consequence should be avoided.

2. EMINENT DOMAIN—CONSTITUTIONAL LAW—STATUTES—CONSTRUCTION—GOOD-FAITH OFFER—ENHANCEMENT OF VALUE.

  A constitutional provision regarding condemnation of property is intended to insure that the person whose private property is taken receives just compensation and to direct the legislature by law to provide how and in what manner it shall be made or secured and the statute providing for the purchase and condemnation of property for public purposes was intended to carry out that command; therefore the sections of that act must be read in conjunction with each other to permit the condemning authority to take into consideration the enhancement in value resulting from the construction of a highway interchange in making a good-faith offer to purchase the property involved, which offer that statute required as a prerequisite to filing a petition for the acquisition of the property or property rights (Const 1963, art 10, § 2; MCLA §§ 213.366[1], 213.388).

Appeal from Wayne, John M. Wise, J., and from Court of Appeals prior to decision.   Submitted May

REFERENCES FOR POINTS IN HEADNOTES
[1]  50 Am Jur, Statutes §§ 357–367.
[2]  26 Am Jur 2d, Eminent Domain §§ 7, 18.
  27 Am Jur 2d, Eminent Domain §§ 283, 284, 294.

5, 1970. (Calendar No. 3, Docket No. 52,451.) Decided August 19, 1970.

Petition by State Highway Commission to condemn land owned by the American Oil Company for highway purposes. Petition dismissed. Petitioner appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *John M. Roche,* Assistant Attorneys General, for plaintiff.

*Travis, Warren, Nayer & Burgoyne (Frederick D. Steinhardt,* of counsel), for defendant.

T. M. KAVANAGH, J. The Michigan State Highway Commission filed its petition for acquisition of certain properties located along Ford Road, in Canton Township, Wayne County, Michigan. Petitioner alleged that on the 20th day of November, 1968, a declaration of taking was made by the petitioner, Michigan State Highway Commission, declaring a certain highway improvement to be necessary for the use and benefit of the public, to-wit, the laying out, establishing and opening of Highway I–275 in and through Canton Township, Wayne County, Michigan, as a limited access highway with necessary grade separations and interchanges.

The petition was made and filed under the provisions of PA 1966, No 295, as amended,[1] and where applicable PA 1941, No 205, as amended,[2] to acquire private property and property rights set forth in detail in the declaration of taking. The petition

---

[1] MCLA § 213.361 *et seq.* (Stat Ann 1970 Cum Supp § 8.261[1] *et seq.*).

[2] MCLA § 252.51 *et seq.* (Stat Ann 1958 Rev § 9.1094[1] *et seq.*).

alleged that each parcel of property involved a partial taking, that is, that only a relatively small portion of each owner's total property was required for right-of-way purposes.

The petition set forth that the public improvement for which this right-of-way was being taken from the parcels involved was the construction of an interchange between Highway I–275 and Ford Road and that such interchange would be in the immediate vicinity of the remainder of these parcels.

Petitioner claimed there would be an enhancement in value to the remainder of each of these parcels by virtue of the construction and opening of this interchange and that the value of the property remaining to each of the owners would exceed the value of his total parcel before the right-of-way taking. The declaration of taking attached to the petition and made a part thereof described the parcels of land, the portions to be taken, and concluded that the estimated just compensation for each parcel was the sum of $100.

The American Oil Company, respondent-owner of one of the parcels involved, filed an answer in which it admitted the execution of said declaration of taking, but denied the validity thereof for the reason a good-faith offer to purchase the property had not been made as required by PA 1966, No 295, § 6(1), as amended (MCLA § 213.366; Stat Ann 1970 Cum Supp § 8.261[6]), and further asserted that the amount of compensation estimated by petitioner for the taking of said property as stated in the declaration of taking was inadequate.

Respondent admitted the allegations of the petition that the highway improvement was necessary for the use and benefit of the public and the taking of the private property described in the declaration

of taking was necessary for the use and benefit of the public.

Respondent prayed that the court enter an order quashing the petition, setting aside the declaration of taking theretofore filed, and dismissing the action.

The trial judge at the conclusion of oral arguments on the motion questioning the court's jurisdiction entered the following order on April 9, 1969:

"This matter having come on for hearing on the jurisdictional objections set forth in the answer of respondent, The American Oil Company, a Maryland corporation, and the court having considered the pleadings and the arguments and submissions of counsel, and the court being fully advised in the premises,

"Now, therefore, it is hereby adjudged and determined that the good-faith written offer to purchase required by § 6(1) of Act 295 of the Public Acts of 1966, as amended (MCLA § 213.366 [Stat Ann 1970 Cum Supp § 8.261(6)]) was not made to respondent The American Oil Company and that the offer made to respondent The American Oil Company was a mere token offer.

"It is further adjudged and determined that the same situation prevails with respect to each of the other parcels in this cause.

"It is therefore ordered and adjudged that this cause be and the same is hereby dismissed for lack of jurisdiction."

Petitioner filed its claim of appeal from the trial court's order with the Court of Appeals on April 10, 1969, and on April 18, 1969, filed its application with this Court requesting bypass of the Court of Appeals. Application to bypass was granted by this Court on October 16, 1969.

Respondent states the question involved as follows:

Is it lawful for the condemning state agency to take into consideration enhancement in value to the remainder of a parcel of property for purposes of making the good-faith written offer to purchase required by § 6, Act 295, PA 1966, as amended?

Petitioner asserts that a competent, qualified appraiser has reported that present valuations before the taking are as follows:

| | |
|---|---|
| Parcel C–242 | $26,700 |
| Parcel C–243 | 21,000 |
| Parcel C–248 | 38,200 |
| Parcel C–249 | 11,300 |
| Parcel C–250N | 15,900 |

and that after the taking, considering immediate enhancement in value caused by the planned public improvement, the valuation would be:

| | |
|---|---|
| Parcel C–242 | $40,000 |
| Parcel C–243 | 38,000 |
| Parcel C–248 | 50,000 |
| Parcel C–249 | 25,600 |
| Parcel C–250N | 22,700 |

Petitioner admits that it took into consideration enhancement in value in arriving at the consideration to be used in the good-faith offer to purchase.

Respondent concedes that enhancement in value may be taken into consideration at the time of trial on the issue of just compensation where properly authorized by statute.[3] But it contends that such

___

[3] MCLA § 213.388 (Stat Ann 1970 Cum Supp § 8.261[28]) reads in part:

"Enhancement in value of the remainder of a parcel, by reason of laying out, altering, widening or otherwise improving any highway or of changing the line thereof, or by any such action in combination with discontinuing a highway, shall be taken into consideration *in determining compensation* for the taking of any part of the parcel for any such highway purpose. In such case:

"(a) The petitioner *shall set forth in the petition the fact that such benefits are claimed and describe the construction proposed to be made which will create such enhancement.*"  (Emphasis ours.)

benefits may not be considered in making the good-faith offer required by §6(1) of the statute[4] because the section does not authorize consideration of enhancement.

Const 1963, art 10, § 2, provides as follows:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record."

Pursuant to this constitutional mandate, the Legislature adopted PA 1966, No 295, which is entitled, as amended by PA 1967, No 206:

"An act to provide for the purchase and condemnation of property for public purposes by cities, villages, boards of county road commissions and the state highway commission."

In construing § 6(1) and § 28 of this act, we observe certain well-known rules. The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the Legislature; courts are bound, whenever possible, so to construe statutes as to give them validity and a reasonable construction; seeming inconsistencies in the various provisions of a statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute; a construction leading

---

[4] MCLA § 213.366(1) (Stat Ann 1970 Cum Supp § 8.261[6]) provides:

"(1) When the petitioner is unable to agree with any person interested in any private property for the purchase thereof, the petitioner, after making a good-faith written offer to purchase the property, may file a petition for the acquisition of the property or property rights, in the circuit court of the county in which the property is located. When any such parcel, property, property rights or interest is situated in 2 or more counties, the petition may be filed in any of the counties in which an owner is resident, and if no owner resides therein, it may be filed in any of such counties. The petition shall ask that a jury be summoned and impanelled to ascertain and determine just compensation to be made therefor."

to an absurd consequence should be avoided. *Evans Products Co.* v. *State Board of Escheats* (1943), 307 Mich 506, and cases therein cited. See, also, *Bloomshield* v. *City of Bay City* (1916), 192 Mich 488, 491, and *In the Matter of Landaal* (1935), 273 Mich 248, 252.

The intention of the section of the Constitution above quoted is, first, to ensure that the person whose private property is taken receives *just compensation* therefor, and, second, to direct the Legislature by law to provide how and in what manner it shall be made or secured. The intent of the legislative act was to carry out that command.

To accept respondent's argument that the condemning state agency cannot take into consideration enhancement in value to the remainder of a parcel of property for the purpose of making the good-faith offer to purchase required by § 6 of PA 1966, No 295, as amended, would lead to an absurd conclusion. It would mean that the condemning agency would be required to make an offer based upon only some of the factors which determine just compensation as defined in *Township of Custer* v. *Dawson* (1914), 178 Mich 367, while ignoring other equally valid factors going to such determination. Such a result would not constitute a good-faith offer of just compensation and would result in unjust enrichment of the property owner. We are asked to adopt such a rule, even though the Legislature has provided that on the trial of a case the jury would have the right to take into consideration the enhancement of the value of the remaining portion of the property by reason of the construction of the new highway. We hold that the Constitution and the Legislature did not intend such a result.

We further hold that the provisions of § 28 must be read in conjunction with § 6(1) of the act

to permit the condemning authority to take into consideration the enhancement in value resulting from the construction in making the good-faith offer required under § 6(1).

*In re Petition of Rogers* (1928), 243 Mich 517, is not controlling. It dealt with an entirely different statute.

The order of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

A public question being involved, no costs are allowed.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred with T. M. KAVANAGH, J.