GRAY v. BLACKMAN

1. STATUTES—LIQUOR CONTROL ACT—LIMITATION OF ACTION—CONSTI-
TUTIONAL LAW.
   Portion of the dramshop act setting a limitation on the time in
   which an action may be brought is not unconstitutional on the
   ground that it is beyond the scope of the title of the Liquor
   Control Act, because the Liquor Control Act seeks to regulate
   and control liquor traffic and the inclusion of a civil remedy
   is germane to the purpose of the act (MCLA § 436.22).

2. STATUTES—LIQUOR CONTROL ACT—LIMITATION OF ACTION—CONSTI-
TUTIONAL LAW.
   Provision limiting the time in which an action may be brought
   under the dramshop act is sufficiently germane and incidental
   to the civil remedy created in the act to be embraced within
   the title of the Liquor Control Act (MCLA § 436.1; Const
   1963, art 4, § 24).

Appeal from Wayne, Richard M. Maher, J. Sub-
mitted Division 1 December 7, 1970, at Detroit.
(Docket No. 8769.) Decided January 27, 1971.

Complaint by Wayne O'Neal Gray against Orelin
Blackman for damages under the dramshop act.
Summary judgment for defendant. Plaintiff ap-
peals. Affirmed.

*Balfour Peisner,* for plaintiff.

*Harry Okrent,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  45 Am Jur 2d, Intoxicating Liquors § 562.
   51 Am Jur 2d, Limitation of Actions §§ 12, 15, 27.
   50 Am Jur, Statutes §§ 186–189, 198.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

PER CURIAM. Plaintiff Wayne Gray brought this suit pursuant to the section of the Liquor Control Act commonly referred to as the dramshop act (MCLA § 436.22 [Stat Ann 1970 Cum Supp § 18-.993]), alleging that defendant Orelin Blackman wrongfully served liquor to an intoxicated person who subsequently injured plaintiff. Defendant moved for and was granted summary judgment on the ground that the action was barred by the two year limitation period contained in the act. Plaintiff appeals as of right.

Plaintiff's sole contention on appeal is that the limitations portion of the dramshop act is beyond the scope of the title of the Liquor Control Act (MCLA § 436.1 et seq. [Stat Ann 1957 Rev § 18.971 et seq.]), and is, therefore, unconstitutional.[1] We do not agree.

The object of the Liquor Control Act, as indicated in its title, is the regulation and control of liquor traffic. Beacon Club v. Kalamazoo County Sheriff (1952), 332 Mich 412. The civil cause of action created by the act is an exclusive remedy in derogation of the common law. LeGault v. Klebba (1967), 7 Mich App 640; Virgilio v. Hartfield (1966), 4 Mich App 582. Inclusion of a provision for such civil remedy has been held germane to the title of a prior act controlling and regulating the business of selling intoxicants pursuant to similar requirements of the 1850 Constitution.[2] Sisson v. Lampert (1910), 159

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Const 1963, art 4, § 24, provides:
"No law shall embrace more than one object, which shall be expressed in its title."

[2] Const 1850, art 4, § 20.

Mich 509. We find no reason to depart from that ruling.

Since the statute creates a right of action, the limitation period therein contained is to be construed as a limitation on the right itself. *Bement v. Grand Rapids & I. R. Co.* (1916), 194 Mich 64; *Holland v. Eaton* (1964), 373 Mich 34. We find the limitation period sufficiently germane and incidental to the creation of the civil remedy to be embraced within the title of the Liquor Control Act. See *Loomis v. Rogers* (1917), 197 Mich 265; *Naudzius v. Lahr* (1931), 253 Mich 216.

Affirmed. Costs to defendant.