SALAS v CLEMENTS

Docket No. 56624. Argued May 4, 1976 (Calendar No. 1).—Decided
December 27, 1976.

Rafael Salas, Jr., and Gilbert Garza brought an action for dam-
ages under the dramshop act and for failure to maintain safe
premises against Mary E. Clements, owner of the Memory Club
Bar. Plaintiffs allege that they were assaulted and injured
while in the defendant's tavern by an unknown person who had
been served alcohol while he was intoxicated. The defendant
was granted summary judgment by Wayne Circuit Court,
Thomas J. Foley, J., for failure of the plaintiffs to comply with
the amendment of the dramshop act which requires a plaintiff
to "name and retain" the assailant as a defendant. The Court
of Appeals, Bashara, P. J., and Danhof and Van Valkenburg,
JJ., affirmed (Docket No. 17779). The plaintiffs appeal to chal-
lenge the constitutionality of the "name and retain" amend-
ment. *Held:*

1. The dramshop act amendment applies only to those in-
jured persons who do not "name and retain" the intoxicated
person as a defendant where they know the identity of the
intoxicated person.

2. A fundamental rule of statutory construction is that
departure from the literal construction of a statute is justified
when such construction would produce an absurd and unjust
result and would be clearly inconsistent with the purposes and
policies of the act in question. The object of the "name and
retain" provision is to eliminate the common practice whereby
the intoxicated person enters into a settlement with the injured
plaintiff for a token sum, and thereafter assists the plaintiff
with the prosecution of a suit against the tavern owner. If a
plaintiff does not know the identity of the intoxicated person
there is no danger of collusion by the plaintiff with him, and

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 7] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.*
[2, 4] 73 Am Jur 2d, Statutes § 260.
[5] 73 Am Jur 2d, Statutes §§ 430–438.
[6] 16 Am Jur 2d, Constitutional Law §§ 198–201.
  73 Am Jur 2d, Statutes § 197.

such a requirement would encourage collusion between the liquor licensee and tortfeasor to hide the identity of the tortfeasor from the injured plaintiff. The Legislature would not have intended these patently absurd results; therefore, the Supreme Court need not decide the constitutional issue.

3. Whether or not the injured plaintiff knows the identity of the intoxicated person shall be determined by the judge at a hearing. The injured plaintiff must show that he did not, in fact, know the identity of the intoxicated person and that he exercised due diligence in attempting to ascertain that identity.

Reversed.

Justice Ryan dissented on the ground that the "name and retain" amendment has a number of purposes and the conclusion that one purpose, to eliminate collusion between the intoxicated person and the injured plaintiff, is not furthered in an individual application of the amendment is not to say that the amendment produces absurd and unjust results clearly inconsistent with the purpose of the Legislature. Other purposes of the amendment include (1) to ensure that statutory dramshop actions are not conducted in a speculative or abstract manner, that is, in the absence of the alleged unlawful vendee, regardless of the reason for plaintiff's failure to "name and retain" that person as a defendant, and (2) to protect tavern owners from harassment suits based on fictitious intoxicated persons. When a remedy is given by statute, all requirements imposed by the statute must be complied with. Absent a transgression of constitutional limitations, arguments as to the wisdom of the amendment are properly addressed to the Legislature.

57 Mich App 367; 226 NW2d 101 (1975) reversed.

OPINION OF THE COURT

1. INTOXICATING LIQUORS—DRAMSHOP ACT—"NAME AND RETAIN"—
   STATUTES—CONSTRUCTION.

   The "name and retain" amendment of the dramshop act applies only to those injured persons who do not "name and retain" the intoxicated person as a defendant where they know the identity of the intoxicated person (MCL 436.22; MSA 18.993).

2. STATUTES—LITERAL CONSTRUCTION—UNJUST RESULT.

   A fundamental rule of statutory construction is that departure from the literal construction is justified where such a construction would produce an absurd and unjust result, and would be clearly inconsistent with the purposes and policies of the act in question.

3. Intoxicating Liquors—Dramshop Act—"Name and Retain"—
Identity of Intoxicated Person.

An injured person who brings an action under the dramshop act, but does not "name and retain" the allegedly intoxicated person as a defendant must show that he did not, in fact, know the identity of the alleged intoxicated person and that he exercised due diligence in attempting to ascertain that identity (MCL 436.22; MSA 18.993).

Dissenting Opinion

Ryan, J.

4. Statutes—Construction—Legislative Purpose—Application.

*The conclusion that one of several legislative purposes is not furthered in an individual application of a statutory amendment is not to say that the amendment produces absurd and unjust results clearly inconsistent with the purpose of the Legislature which would justify departure from the literal construction of the statute.*

5. Action—Statutes—Remedy.

*All statutory requirements must be complied with when the remedy sought by the complaint is provided by statute.*

6. Statutes—Constitutional Law—Separation of Powers.

*Arguments concerning the wisdom of legislation, absent a transgression of constitutional limitation, are properly addressed to the Legislature, not to the Supreme Court.*

7. Intoxicating Liquors—Dramshop Act—"Name and Retain"—
Identity of Intoxicated Person.

*Application of the "name and retain" amendment of the dramshop act to a plaintiff who does not know the identity of the allegedly intoxicated tortfeasor does not produce a result which is so absurd, unjust or inconsistent with the legislative purposes of the amendment as to justify departure from the literal construction of the statute (MCL 436.22; MSA 18.993).*

*Lopatin, Miller, Bindes & Freedman (Michael H. Feiler,* of counsel) for plaintiffs.

*Leonard A. Baun* for defendant.

Williams, J. The issue in this case is whether plaintiffs, who claim they do not know the identity

of an alleged intoxicated person who injured them, are barred from maintaining a cause of action under the Michigan dramshop act, because they did not "name and retain" the alleged intoxicated person as defendant as required by the "name and retain" amendment to the act.

We hold that the "name and retain" amendment only applies to those injured plaintiffs who know the identity of the intoxicated person. Accordingly, we reverse the Court of Appeals and the trial court and remand to the trial court for disposition of this case in a manner not inconsistent with this opinion.

## I—Facts

At approximately one o'clock on the morning of November 23, 1972, plaintiffs were assaulted by an unknown person while at defendant's tavern. On April 19, 1973 plaintiffs commenced this action in Wayne County Circuit Court, alleging that defendant furnished and continued to furnish intoxicating beverages to this person while he was in an intoxicated state. Because plaintiffs were unable to ascertain the identity of this person, he was not named a defendant in this action as required by the "name and retain" amendment (1972 PA 196) to MCLA 436.22; MSA 18.993, which provides in pertinent part that "no action against a retailer * * * shall be commenced unless the * * * alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement". Consequently, the trial court granted defendant's motion for summary judgment on the grounds that plaintiffs failed to comply with this statutory requirement.

On January 7, 1975, the Court of Appeals af-

firmed the trial court, holding that this amendment does not violate the equal protection and due process clauses of the Michigan Constitution or the comparable provisions of the Federal Constitution.

Plaintiffs applied for leave to appeal. This Court granted leave July 23, 1975.

## II—DISCUSSION

As stated, *supra,* the essential issue in this case is whether plaintiffs, who claim they do not know the identity of the alleged intoxicated person who injured them, are barred from maintaining a cause of action under the Michigan dramshop act, MCLA 436.22; MSA 18.993, because they did not "name and retain" the alleged intoxicated person as defendant, as required by the "name and retain" amendment to the act.

The "name and retain" amendment provides, in pertinent part:

"No action against a retailer * * * shall be commenced unless * * * the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement." (1972 PA 196.)

The dramshop act is part of the Liquor Control Act. As the Court of Appeals in *Gray v Blackman,* 30 Mich App 212, 213; 186 NW2d 76 (1971) observed:

"The object of the liquor control act, as indicated in its title, is the regulation and control of liquor traffic."

In *Flower v Witkovsky,* 69 Mich 371, 375; 37 NW 364 (1888), this Court stated the essential purpose of the dramshop act:

"The main purpose of the act is to regulate and prohibit the sale of liquors, to provide when it shall be lawful and when it shall be unlawful, and what remedies may be resorted to in cases of unlawful selling and injuries resulting from such unlawful sales.

"These things all belong to one primary object, which is the distinguishing of lawful from unlawful sales under the law, and providing penalties and remedies against unlawful sales, and the natural consequences resulting therefrom."

Accordingly, as one means of regulating and controlling the sale of liquor, the dramshop act provides (in part):

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, and the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury * * * ." MCLA 436.22; MSA 18.993.

In 1972, the dramshop act was amended to include the so-called "name and retain" provision, stated *supra.* In the instant case, the Court of Appeals accurately characterized the object of this amendment as follows:

"The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provisions will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inher-

ent in the original dramshop act, which has now been recognized by the Legislature and corrected through this amendment." 57 Mich App 367, 372; 226 NW2d 101 (1975).

In determining whether plaintiffs in this case are barred from suing under the dramshop act, we must keep in mind the fundamental rule of statutory construction that departure from the literal construction of a statute is justified when such construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question. *Pacific Insurance Co, Limited v Oregon Automobile Insurance Co,* 53 Hawaii 208, 211; 490 P2d 899, 901 (1971). See, also, *Attorney General v Detroit U R Co,* 210 Mich 227, 257; 177 NW 726, 177 NW 1023 (1920); *In re Petition of State Highway Commission,* 383 Mich 709, 714–715; 178 NW2d 923 (1970); *Holy Trinity Church v United States,* 143 US 457, 458, 460; 12 S Ct 511; 36 L Ed 226 (1892). See also, 2A Sutherland Statutory Construction (Sands, 4th ed), § 45.12.

Literally construed, the "name and retain" amendment bars an injured person from maintaining a cause of action under the dramshop act if, in fact, he does not "name and retain" the alleged intoxicated person as defendant—regardless of whether the injured person knows the identity of the alleged intoxicated person. We believe this literal construction produces an unreasonable, unjust result, a result which is inconsistent with the purpose of the "name and retain" amendment and the dramshop act itself. To suggest that an injured plaintiff "name and retain" as defendant an intoxicated person whose identity he does not know in order to prevent collusion between the intoxicated person and the injured plaintiff is patently absurd.

If a plaintiff does not know the identity of the intoxicated person, there is no basis for concern that such a person, in collusion with plaintiff, could "energetically [assist] the plaintiff with the prosecution of a suit against the tavern owner". Furthermore, the requirement that an injured person "name and retain" as defendant an intoxicated person whose identity he does not know in order to maintain a cause of action under the dramshop act frustrates the essential purpose of the act. Such a requirement would *encourage* collusion, tempting the liquor licensee and a tortfeasor to hide the identity of the tortfeasor from the injured plaintiff. A liquor licensee who in fact created or continued in the creation of the state of the intoxicant would thus be able to escape liability from suit under the dramshop act. We do not believe the Legislature intended these kinds of results.

Accordingly, we hold that the "name and retain" amendment only applies to those injured plaintiffs who know the identity of the alleged intoxicated person. Whether or not an injured plaintiff knows the identity of the alleged intoxicated person shall be determined by the judge at a hearing. The injured plaintiff must show that he did not, in fact, know the identity of the alleged intoxicated person and that he exercised due diligence in attempting to ascertain the identity of the alleged intoxicated person.

Having decided the opinion on these grounds, we find it unnecessary to discuss the constitutional questions raised in this appeal.

We reverse the Court of Appeals and the trial court and remand to the trial court for disposition of this case in a manner not inconsistent with this opinion.

No costs, a public question.

KAVANAGH, C. J., and LEVIN, COLEMAN, FITZGER-
ALD, and LINDEMER, JJ., concurred with WILLIAMS,
J.

RYAN, J. I dissent. Eschewing the constitutional
analysis for which leave was granted in this case,
this Court nevertheless holds that the "name and
retain" amendment[1] to the dramshop act applies
only to those plaintiffs who know the identity of
the intoxicated person.

The result, of course, is the creation by judicial
fiat of an exception to the legislative determina-
tion that *no one* may maintain a dramshop action
against a liquor supplier unless he names and
retains in the action the alleged intoxicated per-
son. Today's judgment simply suspends the appli-
cation of that statute to all plaintiffs who establish
at a newly mandated hearing that in the exercise
of due diligence they were unable to ascertain the
identity of the person who injured them.

The justification for exempting an entire class of
prospective plaintiffs from the requirements of the
legislation is the application of what is character-
ized as "the fundamental rule of statutory con-
struction that departure from the literal construc-
tion of a statute is justified when such a construc-
tion would produce an absurd and unjust result
and would be clearly inconsistent with the pur-
poses and policies of the act in question".

The Court of Appeals, in holding that the "name
and retain" amendment is not offensive to the
equal protection or due process clauses of the

[1] "No action against a retailer * * * shall be commenced unless
* * * the alleged intoxicated person is a named defendant in the
action and is retained in the action until the litigation is concluded by
trial or settlement." (1972 PA 196.) MCLA 436.22; MSA 18.993.

Michigan and United States Constitution, observed that the amendment "will, to some extent, reduce tavern-owner liability by restricting recourse to the dramshop act". In explaining how tavern-owner liability will be reduced, that Court said: "The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner".

This Court, however, attributes a wholly different purpose to that Court of Appeals language and claims that court's example of *how* liability of tavern owners would be reduced was a statement of *the* object of the amendment. That was not what the lower court said and understandably so, since, while the quoted language is *an* object of the amendment, it is not *the* object.

Clearly, if the only purpose of the "name and retain" amendment was to eliminate collusion between the intoxicated person and the injured plaintiff, the amendment would serve no purpose in cases where the identity of the intoxicated person is unknown.

The amendment, however, has a number of objects. That one of several purposes is not furthered in an individual application of the amendment is not to say that the amendment produces absurd and unjust results clearly inconsistent with the purpose of the Legislature.

That the "name and retain" amendment serves purposes other than those cited by my colleagues is apparent. Under the act the liability of the tavern owner depends on an illegal sale of liquor which proximately causes the injury to plaintiff. The illegality of the sale depends on the condition

of the vendee: the vendee must be visibly intoxicated at the time of the sale. A valid objective of the "name and retain" amendment is to ensure that statutory dramshop actions are not conducted in a speculative or abstract manner—that is, *in the absence of the alleged unlawful vendee.* This purpose is clearly promoted by the "name and retain" amendment in all cases regardless of *why* an individual plaintiff does not produce the alleged intoxicated person/tortfeasor.

Another purpose underlying the "name and retain" amendment is to protect tavern owners from harassment suits which are based on fictional intoxicated persons. Such a case would involve a plaintiff who slipped and fell in a tavern through his own negligence and then filed a dramshop action in addition to his common-law claim against the tavern owner, alleging that he was pushed by a visibly intoxicated person whom he is unable to identify. These suits were a very real possibility under the dramshop act before the Legislature added the "name and retain" amendment. The object of preventing these type actions is certainly furthered by application of the amendment in the situation where the plaintiff alleges that he is unable to identify the intoxicated person/tortfeasor.

There may well be other purposes behind the challenged amendment. In any event, we have shown sufficient good reasons for reading the legislative word exactly as it is written. There is no need to depart from what is clearly required by the act since the result of applying the act in the case at bar and similar cases is not "absurd" or inconsistent with the purposes of the act. On the contrary, application of the amendment in this case clearly furthers legislative goals. It is not

argued that these goals *(e.g.,* concrete and factual basis for dramshop litigation, the prevention of fabrication and harassment suits, the prevention of collusion) are unworthy or illegitimate legislative purposes. I fail to see how they may be characterized as "absurd".

My Brother WILLIAMS points out that the "name and retain" amendment creates a situation which may tempt liquor licensees to collude with visibly intoxicated tortfeasors to hide the latter's identity from the injured plaintiff. This is true. However, after observing the effect of the unamended dramshop act under which collusion between plaintiffs and tortfeasors was possible, the Legislature evidently made a determination that the "name and retain" amendment was the better course to follow in carrying out the policies of the Liquor Control Act. I fail to see how this determination can be characterized as producing results "clearly inconsistent with the purposes and policies of the act".

The Court today employs a "rule of construction" which substantially alters a recent enactment of the Legislature. The majority today does not mention the time-honored rule of law that "[w]hen a remedy is given by statute, all requirements imposed by it must be complied with". *Grand Rapids Independent Publishing Co v Grand Rapids,* 335 Mich 620, 631; 56 NW2d 403 (1953). Accord, *Leith v Citizens Commercial & Savings Bank,* 304 Mich 508; 8 NW2d 156 (1943); *Lafayette Transfer & Storage Co v Public Utilities Commission,* 287 Mich 488; 283 NW 659 (1939). Under the "name and retain" amendment certain plaintiffs will be barred from the statutory cause of action because they are unable or unwilling to comply with its requirements. Others will not obtain relief because they are unable to meet the burden of

proof set out in the statute or to show the causal relationship required under the statute. These requirements are certainly not the only way, and perhaps not the best way, to carry out the policies of the Liquor Control Act. However, absent a transgression of constitutional limitations, "such arguments are properly addressed to the legislature, not to us. We refuse to sit as a 'superlegislature to weigh the wisdom of the legislation'", *Ferguson v Skrupa,* 372 US 726, 731; 83 S Ct 1028; 10 L Ed 2d 93 (1963), quoting *Day-Brite Lighting, Inc v Missouri,* 342 US 421, 423; 72 S Ct 405; 96 L Ed 469 (1952).

I must respectfully dissent as I do not find the result of the application of the amendment to these facts to be absurd, unjust or inconsistent with the legislative purposes as outlined above.