SPENCER v CONTOS LOUNGE, INC

Docket No. 119724. Submitted April 18, 1990, at Lansing. Decided June 5, 1990.

Jerome Spencer and Pollyann Spencer, individually and as personal representatives of the estate of Jeffrey D. Spencer, deceased, filed a four-count complaint in the Genesee Circuit Court against Contos Lounge, Inc., Fehmi Awad, Keith Kozlowski and Ronald Rogers. Count I was a dramshop action based on the furnishing of alcoholic beverages by Contos and Awad to Spencer when he was visibly intoxicated. Count II was a dramshop action against Contos based on the furnishing of alcoholic beverages to Kozlowski when he was visibly intoxicated. Count III was a premises liability claim against Contos. Count IV was a negligence claim against Kozlowski and Rogers. Plaintiffs settled with Awad and Rogers. Plaintiffs also released Kozlowski after settling with him on the negligence claim and dropped the claim against Contos based on Count II, thereby conceding that Kozlowski had not been intoxicated. Contos moved for partial summary disposition, arguing that plaintiffs violated the name and retain provision of the dramshop act. The trial court, Philip C. Elliott, J., denied the motion, ruling that the dramshop action against Contos could be based on the furnishing of alcoholic beverages to Spencer. The Court of Appeals denied Contos' application for leave to appeal. Contos then sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, remanded to the Court of Appeals for consideration as on leave granted. 433 Mich 852 (1989).

The Court of Appeals *held:*

When two alleged intoxicated defendants are named, but one is released, and the action against the dramshop based on that defendant's alleged intoxication is dismissed, there is no reason to dismiss the dramshop action that is based on serving the second alleged intoxicated defendant. Plaintiffs may proceed

REFERENCES
Am Jur 2d, Intoxicating Liquors §§ 590, 596.
See the Index to Annotations under Dismissal, Discontinuance, and Nonsuit; Dramshop Acts.

against Contos on the basis of Spencer's alleged intoxication, but not that of Kozlowski.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACTIONS — NAME AND RETAIN DEFENDANTS.

    A dramshop action that names two alleged intoxicated defendants need not be dismissed as to the second alleged intoxicated defendant where one is released and the action against the dramshop based on that defendant's alleged intoxication is dismissed.

*Joan Dean Marroso,* for plaintiff.

*Seward, Tally & Piggott, P.C.* (by *John W. Piggott, Mark J. Brissette* and *Kenneth K. Wright*), for Contos Lounge, Inc.

Before: WEAVER, P.J., and GILLIS and CAVANAGH, JJ.

PER CURIAM. By order of the Supreme Court, 433 Mich 852 (1989), Contos Lounge, Inc., appeals by leave granted from the order denying its motion for partial summary disposition. We affirm.

This suit arises from the death of Jeffrey Spencer. On the night of his death, Spencer was at the Contos Lounge where he was involved in a minor altercation with Keith Kozlowski. Later, as Kozlowski left the bar, Spencer jumped onto the rear bumper of the truck Kozlowski was driving. Kozlowski began to swerve the truck sharply, accelerating and braking rapidly. Spencer was thrown from the truck and died as the result of injuries suffered after being struck by two hit-and-run drivers.

Spencer's parents, individually and on behalf of his estate, filed a four-count complaint naming Contos, Fehmi Awad, Kozlowski, and Ronald Rogers as defendants.

Count I was brought pursuant to the dramshop statute on the basis of the furnishing of alcoholic beverages by Contos and Awad to Spencer when he was visibly intoxicated. Count II is a dramshop action against Contos, alleging that Kozlowski was served alcoholic beverages when visibly intoxicated. Count III is a premises liability claim against Contos and Count IV alleges a negligence claim against both Kozlowski and Rogers.

Plaintiffs settled with both Awad and Rogers. Plaintiffs also released Kozlowski after settling with him on the negligence claim (thus dropping Count IV), and dropped the claim against Contos based on their allegations of Kozlowski's visible intoxication (Count II).

The only remaining defendant, Contos, then moved for partial summary disposition. It argued that the settlement with Kozlowski violated the "name and retain" provision of the dramshop act and insisted that Kozlowski's release required the dismissal of plaintiffs' dramshop claims against Contos. The court denied Contos' motion, but ruled that plaintiffs' dramshop claim against Contos could be based only on the furnishing of alcoholic beverages to Spencer.

On appeal Contos contends that the court erred in denying its motion. Contos argues that the name and retain provision in the dramshop statute precludes any settlement between plaintiff and the alleged intoxicated defendant before the litigation is concluded by trial or settlement.

Our Supreme Court has ruled that if a dramshop plaintiff settles with an alleged intoxicated defendant tortfeasor, the action against the tavern owner must also be dismissed. *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982). Count II of plaintiffs' complaint, the action against Contos that was based on serving alcoholic beverages to

the released alleged intoxicated defendant, Kozlowski, was in fact dismissed. Plaintiffs can now proceed against Contos on the basis of Spencer's alleged intoxication, but not that of Kozlowski.

The purpose of the name and retain provision is to avoid the possibility of fraud and collusion between the plaintiff and an alleged intoxicated defendant who agrees to pay a token award in exchange for damaging testimony against the liquor licensee. *Salas v Clements,* 399 Mich 103; 247 NW2d 889 (1976). This concern is not a factor here, as the dramshop action based on serving alcoholic beverages to Kozlowski was dropped. Further, when they released Kozlowski, plaintiffs conceded that he was not intoxicated. Deposition testimony had not shown evidence that Kozlowski was intoxicated. In fact the evidence was to the contrary.

When two alleged intoxicated defendants are named, but one is released, and the action against the dramshop based on that defendant's alleged intoxication is dismissed, there is no reason to dismiss the dramshop action that is based on serving the second alleged intoxicated defendant. The second alleged intoxicated defendant is simply not affected by the "name and retain" provision.

Finding the court did not err in denying the motion for partial summary disposition, we affirm.