# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 13, 2006

131054

CATHERINE DEWAN,
           Plaintiff-Appellant,

v

ELIE G. KHOURY, M.D., ORTHOPEDIC
SURGERY OF MICHIGAN, and ST.
MARY'S MERCY HOSPITAL, a/k/a
TRINITY HEALTH SYSTEM,
           Defendants-Appellees.
_____/

SC: 131054
COA: 265020
Wayne CC: 04-437134-NH

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the March 28, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH and WEAVER, JJ., would grant leave to appeal.

KELLY, J., dissents and states as follows:

I would grant leave to appeal in this case. The lower courts, in disregarding the intent of the Legislature, have created a trap for the unwary. Under their reasoning, a person could comply with all necessary statutory requirements and yet lose his or her cause of action. This interpretation is both inequitable and absurd.

This is a medical malpractice case. Plaintiff claims that defendants negligently performed reconstructive surgery on her knee. She claims that she was injured to such an extent that she now requires a total knee replacement. The surgery occurred on June 4, 2002. Plaintiff sent a notice of intent to sue as required by MCL 600.2912b(1)[1] within

---

[1] MCL 600.2912b(1) provides:

Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

the statutory period of limitations, on June 4, 2004. She then waited the required 182 days to file her complaint. She filed it on the first business day after the 182 days passed.[2] The trial court found that the period of limitations had run and granted summary disposition to defendants. The Court of Appeals affirmed. It reasoned that plaintiff had to file her notice of intent on or before June 3, 2004. Otherwise, the tolling provision of MCL 600.5856 would provide no remaining time after the 182 days elapsed in which to file suit. *Dewan v Khoury*, unpublished opinion per curium of the Court of Appeals, issued March 28, 2006 (Docket No. 265020).

The lower courts' decisions disregard the intent of the Legislature. MCL 600.5805(6) specifically provides a two-year statutory period of limitations for malpractice claims. But, under the lower courts' reasoning, the limitations period is actually one year and 364 days. An individual could never take full advantage of the two-year period in a medical malpractice case. He or she would always have to file a notice of intent one day early in order to meet the new rule that the lower courts created in this case. This contradicts MCL 600.5805(6) which specifically states that the "period of limitations is 2 years."

In effect, the lower courts have rewritten MCL 600.5805(6). The fundamental rule of statutory construction is to give effect to the Legislature's intent, not to amend it. If the intent is clear, and the statute is unambiguous, the statute must be read as the Legislature wrote it. *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 347 (2003). Because the Court of Appeals disregarded this rule and rewrote the statute, its decision should be reversed.

The Court of Appeals reasoned that there was no time left in which to file a claim after the 182-day waiting period ran. It viewed the statutory period as having been exhausted on the day plaintiff filed the notice of intent. This is not factually accurate. June 4, 2004, was within the two-year statutory period. The period of limitations would have run on the next day, June 5, 2004. But plaintiff beat the deadline. Because she filed her notice of intent before the statutory period ran, she had time left on the clock to file her complaint. Either the notice of intent was late or it was not. And either the period of limitations had run or it had not. Plaintiff's notice of intent was not late and the statutory period had not run. Therefore, she had every right to file her complaint on the first business day after 182 days passed. Because she did so, her claim should not have been dismissed.

---

[2] The 182nd day was Friday, December 3, 2004. Plaintiff filed her complaint on Monday, December 6, 2004, the next business day.

To read the statutes in question as the lower courts have read them creates an absurd result.[3] Plaintiff complied with the time periods provided in each of the two statutes. "[W]e must keep in mind the fundamental rule of statutory construction that departure from the literal construction of a statute is justified when such construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question." *Salas v Clements*, 399 Mich 103, 109 (1976). It is a ridiculous conclusion that a plaintiff could comply with both the 182-day waiting period and the two-year statute of limitations, yet lose her cause of action because of untimeliness. I find it incredible that the Legislature intended that this could occur.

The Court of Appeals effectively concluded that the Legislature intended to create a trap when it wrote the 182-day waiting provision. Without this provision, a plaintiff could file her complaint on the same day she filed her notice of intent. In this case, but for the 182-day provision, plaintiff could have, and likely would have, filed her complaint on June 4, 2004. But, because of MCL 600.2912b(1), she had to wait to file the complaint. Because of this necessity to wait, under the lower courts' reasoning, she could never file her complaint on time. Despite complying with the words of the statute, she was trapped.

Can it really be assumed that the intent behind this waiting period was to trap plaintiffs into losing their day in court? It seems unlikely that any legislator had this in mind when voting to enact MCL 600.2912b(1) or MCL 600.5805(6). Because the lower courts' reading of these statutes is unjust and inconsistent with any reasonable legislative intent, it is absurd. *Salas*, 399 Mich 109. We should grant leave to appeal. We should correct the disregard shown here for the fundamental rule of statutory construction that courts are to effectuate the intent of the Legislature when construing a statute.

---

[3] A majority of justices of this Court recently approved the validity of an absurd results analysis in Michigan. See *Cameron v Auto Club Ins Ass'n*, 476 Mich 55 (2006). For a more complete discussion of the history of absurd results, see my dissenting opinion in that case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 13, 2006

_____
Clerk

d1010