BODELL v CALIFF

Docket No. 96176. Submitted July 28, 1987, at Grand Rapids. Decided
    August 28, 1987.

> Bryan S. Bodell brought a dramshop action in Muskegon Circuit
> Court against Willard M. Christensen, doing business as Thun-
> derbird Lounge, and named Ernest L. Califf as the alleged
> intoxicated person. The proceedings were stayed by the trial
> court, Michael E. Kobza, J., following the placement in receiv-
> ership of defendant Christensen's liquor liability insurer. While
> the stay of proceedings against Christensen was still in effect,
> plaintiff proceeded to mediation with defendant Califf, accepted
> a mediation award against Califf, and executed a satisfaction of
> judgment as to Califf. Defendant Christensen then moved for
> summary disposition, contending that he was entitled to dis-
> missal since plaintiff had failed to name and retain defendant
> Califf, the alleged intoxicated person, as required by the dram-
> shop act. The trial court granted the motion, and plaintiff
> appealed.
>
> The Court of Appeals *held:*
>
> 1. Where settlement of any kind is reached with the allegedly
> intoxicated person prior to conclusion of the litigation either by
> trial or settlement, that person has not been retained in the
> action and ceases to be a real party in interest, and further
> action against the dramshop owner is barred.
>
> 2. No conflict between the court rule on mediation and the
> dramshop act exists since mediation is not mandatory. In this
> case, plaintiff had a choice either to forego mediation or elect to
> submit to mediation. By agreeing to mediate and accepting the
> mediation award against the alleged intoxicated person, plain-
> tiff forfeited his opportunity to proceed against the dramshop
> owner since the alleged intoxicated person ceased to be a party
> to the action as required by the dramshop act.
>
> Affirmed.

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 20, 561 *et seq.*

See the annotations in the Index to Annotations under Dramshop
    Acts.

INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN" PROVISION.

> Acceptance by a plaintiff of a mediation award against an allegedly intoxicated defendant in a dramshop action prior to conclusion of litigation against the dramshop owner either by trial or settlement violates the dramshop act provision requiring that the alleged intoxicated person be named and retained (MCL 436.22[5]; MSA 18.993[5]).

*Libner, Van Leuven & Kortering* (by *John A. Braden*), for plaintiff.

*Frank S. Spies,* for defendant William M. Christensen.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendant-appellee, Willard M. Christensen, doing business as Thunderbird Lounge, summary disposition on the basis that plaintiff failed to "name and retain" the alleged intoxicated party as required by MCL 436.22(5); MSA 18.993(5). We affirm.

The instant complaint was filed on January 25, 1985. In the complaint, plaintiff alleged that on April 7, 1984, defendant Ernest L. Califf, the alleged intoxicated person (AIP), was heading south on Whitehall Road in Montague, Michigan. Plaintiff was proceeding north when Califf's vehicle crossed the center line and collided with Bodell's auto.

Prior to the accident, Califf had been at the Thunderbird Lounge where he consumed alcoholic beverages. Califf's blood-alcohol level was at 0.19 percent and plaintiff tested at 0.16 percent.

In December, 1985, defendant Christensen's li-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quor liability insurer, Transit Casualty Company, was placed in receivership. In accordance with MCL 500.7945; MSA 24.17945, the trial court issued an ex parte order on December 23, 1985, staying the proceedings until June 6, 1986.

Meanwhile, plaintiff proceeded to mediation with Califf. The mediation panel awarded plaintiff $10,000 on February 21, 1986. Plaintiff unconditionally accepted the award and judgment was entered on March 24, 1986. Thereafter, on April 17, 1986, plaintiff executed a satisfaction of judgment as to defendant Califf. The order for stay of proceedings was still in effect.

On September 5, 1986, defendant Christensen filed a motion for summary disposition of dismissal contending that plaintiff had not complied with the name and retain provision in the dramshop act, MCL 436.22(5); MSA 18.993(5), by settling with the AIP. Following an October 6, 1986, hearing, the trial court granted Christensen's motion and dismissed the case. From this dismissal, plaintiff appeals.

Plaintiff argues that since the name and retain provision of the dramshop act conflicts with the court rules governing mediation, the statutory provision must fall.

The trial court granted defendant Christensen summary disposition pursuant to MCL 436.22(5); MSA 18.993(5) which provides in part:

> An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

Recently, in *Riley v Richards,* 428 Mich 198; 404

NW2d 618 (1987), our Supreme Court discussed the above provision. In *Riley,* the Supreme Court reviewed its prior decisions which interpreted this provision. In *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), reh den 414 Mich 1111 (1982), the Court held that an AIP had not been retained in an action "if a settlement of any kind is reached between the plaintiff and the allegedly intoxicated defendant before 'the litigation is concluded by trial or settlement.'" *Id.,* p 184. The policy for such a requirement is to prevent fraud and collusion between a plaintiff and an AIP. *Riley, supra,* p 207.

The *Riley* Court indicated that this strict interpretation appears antithetical to the general policy of encouraging parties to settle their disputes before or during litigation. However, the *Riley* Court concluded that the Legislature intended no exception to this provision due to the dangers of fraud and collusion. *Id.,* p 214.

In our case, plaintiff settled with the AIP while the litigation was pending as to the dramshop defendant. Therefore, plaintiff failed to name and retain the AIP as required by the statute.

We do not agree with plaintiff's argument that the name and retain provision conflicts with the court rule governing mediation. Mediation is not mandatory on any party. MCR 2.403. Here, plaintiff had a choice to either forego mediation or elect to submit to mediation. By agreeing to mediate, plaintiff forfeited his opportunity to proceed against the dramshop defendant since the AIP was no longer a party to the action as required by MCL 436.22(5); MSA 18.993(5).

Affirmed.