SHAY v BYARS

Docket No. 106612. Submitted December 8, 1988, at Grand Rapids. Decided April 4, 1989. Leave to appeal applied for.

Timothy J. and Rosemary Shay brought an action in the Kalamazoo Circuit Court against Charles W. Byars, JohnKal, Inc., and others for damages for injuries sustained in an automobile accident. The suit alleged, among other things, that defendant JohnKal, Inc., served defendant Byars intoxicating liquor when he was visibly intoxicated. The matter was submitted to mediation, which resulted in awards to plaintiffs against each defendant in separate, disparate amounts. Plaintiffs and Byars accepted the mediation awards. JohnKal, Inc., rejected it. A judgment was entered against Byars and JohnKal, Inc., moved for summary disposition for violation of the name and retain provision of the dramshop act. The court, John F. Foley, J., granted summary disposition. Plaintiffs appealed.

The Court of Appeals *held:*

Acceptance by a plaintiff of a mediation award against an allegedly intoxicated defendant in a dramshop action prior to conclusion of litigation against the dramshop owner either by trial or settlement violates the dramshop act provision requiring that the alleged intoxicated person be named and retained.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN" PROVISION.

Acceptance by a plaintiff of a mediation award against an allegedly intoxicated defendant in a dramshop action prior to conclusion of litigation against the dramshop owner either by trial or settlement violates the dramshop act provision requiring that the alleged intoxicated person be named and retained (MCL 436.22[5]; MSA 18.993[5]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for plaintiffs.

REFERENCES

Am Jur 2d, Intoxicating Liquors § 590.

Settlement with or release of person directly liable for injury or death as releasing liability under civil damage act. 78 ALR2d 998.

*Vlachos & Hurley* (by *Paul T. Vlachos*), for JohnKal, Inc.

Before: DOCTOROFF, P.J., and SAWYER and R. J. JASON,* JJ.

PER CURIAM. In this action, the trial court granted summary disposition in favor of defendant JohnKal, Inc., on the basis that plaintiffs had failed to comply with the name and retain provisions of the dramshop act. MCL 436.22(5); MSA 18.993(5).[1] The order did not, however, state under which rule summary disposition was being granted.[2] Subsequently, the claims against the remaining parties were settled and the action dismissed. Plaintiffs now appeal, challenging the order of summary disposition in favor of defendant JohnKal. We affirm.

This action arises out of a four-car accident that occurred on September 28, 1984, in Kalamazoo County. Plaintiff Timothy Shay was driving a car northbound on Riverview Drive with his wife, plaintiff Rosemary Shay, as a passenger. Defendant James Miles, who was driving a vehicle owned by his father, defendant Thomas Miles, pulled out of a side street into the path of defendant Charles Byars, who was driving his father's pickup truck. The Byars vehicle struck the Miles vehicle and careened off of it into the oncoming lane, striking plaintiffs' vehicle head on. Defendant Phelps was in the fourth vehicle, traveling

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Following an amendment in 1986, the name and retain clause can now be found in MCL 436.22(6); MSA 18.993(6). The amendment did not, however, affect the substantive provisions of the name and retain clause.

[2] For that matter, defendant's motion did not cite to the applicable court rule provision, merely entitling itself a motion to dismiss and alleging that the name and retain provision had been violated.

northbound behind the Shays, and struck the Shay vehicle from behind.

Plaintiffs filed suit alleging, inter alia, that defendants JohnKal and Big Daddy's West served liquor to Charles Byars when he was visibly intoxicated. The matter was submitted to mediation, which resulted in an award in plaintiffs' favor in the following amounts: (1) $35,000 as to the Byarses, (2) $13,000 as to defendant Miles, (3) $15,000 as to defendant JohnKal, (4) $1,000 as to defendant Phelps, and (5) $1,000 as to defendant Big Daddy's West. The awards were accepted by plaintiffs and defendants Byars, Phelps and Big Daddy's. Defendants Miles and JohnKal rejected the awards.

A $35,000 judgment was entered in favor of plaintiffs and against defendants Byars pursuant to the acceptance of the mediation award. Judgments were also entered on the mediation awards as to defendants Phelps and Big Daddy's. Following the entry of judgment, defendant JohnKal moved for dismissal on the basis that the alleged intoxicated person, Charles Byars, was no longer retained in the suit. The trial court granted the motion and entered an order of summary disposition in favor of defendant JohnKal. The remaining claims against defendant Miles were subsequently settled and the litigation concluded.

Plaintiffs' sole issue on appeal is that the trial court erred in granting summary disposition to defendant JohnKal on the basis of the name and retain clause of the dramshop act. We disagree.

This Court, in *Bodell v Califf,* 164 Mich App 95; 416 NW2d 341 (1987), considered the effect of mediation on the name and retain clause. Specifically, the plaintiff in *Bodell* submitted to mediation, resulting in a mediation award in the plaintiff's favor against the alleged intoxicated person

which the plaintiff accepted. Thereafter, the action against the dramshop defendant was dismissed under the name and retain clause. This Court affirmed the dismissal against the dramshop defendant, concluding that acceptance of the mediation award did not excuse the plaintiff from the mandatory provisions of the name and retain clause.

The case at bar does differ somewhat from *Bodell* in that, in *Bodell,* the plaintiff was not obligated to submit to mediation but had voluntarily done so. The *Bodell* Court specifically noted that the plaintiff had voluntarily submitted to mediation in reaching its conclusion. *Id.* at 98. On the other hand, in the case at bar, plaintiffs were obligated to submit to mediation pursuant to the provisions of a local court rule. Plaintiffs argue that the name and retain provision conflicts with the court rule requiring mediation and that, since a court rule takes precedence over a statute,[3] the mandatory mediation rule renders the name and retain clause of the statute inapplicable. We disagree.

Although a plaintiff may be obligated to submit a cause to mediation, he is not obligated to accept the mediation award. Furthermore, even where a plaintiff desires to accept a mediation award both as to the alleged intoxicated person and the dramshop defendant, but would not wish to accept the award as to the alleged intoxicated person if that acceptance resulted in the dismissal of the action against the dramshop defendant, the plaintiff may condition acceptance of the award as to the alleged intoxicated person upon the acceptance of the award by the dramshop defendant. See MCR 2.403(L)(3)(b). We recognize that the name and retain clause makes a plaintiff's decision to accept

---

[3] See *Oleksy v Sisters of Mercy of Lansing, Michigan,* 74 Mich App 374, 381; 253 NW2d 772 (1977).

or reject a mediation award more difficult. This is particularly true in light of the sanction provisions under MCR 2.403(O), which result in a plaintiff risking either a dismissal against the dramshop defendant if mediation is accepted or sanctions if mediation is rejected. However, while the mutual effects of the name and retain clause in mandatory mediation render a party's decision more difficult, we do not believe that it causes such a conflict as to render one of the two rules unenforceable. Rather, a plaintiff in a dramshop action must make that difficult decision after weighing the mediation award in light of the possibility of either a dismissal against the dramshop defendant or the imposition of sanctions.

While we disagree with plaintiffs' position, that is not to say plaintiffs do not raise some valid points. Specifically, we agree that mediation abates the problem of collusion between the plaintiff and the alleged intoxicated person which the name and retain clause is designed to prevent. However, while we might agree that acceptance of a mediation award by a plaintiff as to an alleged intoxicated person should be an exception to the name and retain clause, it is not the role of the judiciary to carve out such an exception. Rather, that is an issue which should be addressed to the Legislature.

Similarly, we note that the sanction provisions of the mediation rule may result in some unintended harsh results in this type of case. The policy behind the mediation rule may be better served if the sanctions against a plaintiff in a dramshop action were to be shifted from the plaintiff to the dramshop defendant where the plaintiff conditionally accepted an award against the alleged intoxicated person resulting in a rejection because of the rejection by the dramshop defen-

dant. Such a change, however, must be addressed by the Supreme Court. Similarly, it would appear that, under MCR 2.403(L)(3)(b), the conditional acceptance by a plaintiff as to the alleged intoxicated person must be conditioned upon the acceptance of the mediation award by all defendants rather than a particular defendant. That is, under that rule it appears that a plaintiff may not condition his acceptance of a mediation award as to the alleged intoxicated person only upon the acceptance of the award by the dramshop defendant independent of acceptance by any other defendant in the action. An appropriate amendment to the rule might allow a plaintiff in a dramshop action to condition his acceptance of an award as to the alleged intoxicated person solely upon the acceptance of the award as to a dramshop defendant. Again, however, this is an issue which must be addressed to the Supreme Court.

For the above reasons, we conclude that acceptance of a mediation award by a plaintiff in a dramshop action does not excuse the plaintiff from complying with the name and retain clause. While this case suggests that justice may be better served by some well considered changes to the name and retain clause and the mediation rules, it is beyond the scope of this Court's authority to make those changes. Accordingly, we are constrained to affirm the decision of the trial court and we leave it to the Legislature and the Supreme Court to determine what changes, if any, should be made to the applicable statutes and court rules.

Affirmed. Defendant may tax costs.