BAKER v KALANJ

Docket No. 108848. Submitted October 4, 1989, at Grand Rapids.
Decided October 27, 1989.

David R. Baker filed a dramshop action against Karen Marie
Kalanj, Gilkey Lake Tavern, Inc., and Neil Enterprises, Inc.,
doing business as Prairie Schooner, in Barry Circuit Court
alleging that the defendant taverns had served liquor to Kalanj
while she was visibly intoxicated and that she subsequently
caused an automobile accident in which plaintiff was injured.
The case was submitted to mediation, with the mediator arriv-
ing at a mediation evaluation of $90,000 against Kalanj,
$30,000 against Gilkey Lake Tavern, and $3,000 against Neil
Enterprises. The evaluation was rejected by all parties except
Neil Enterprises. The claim against Gilkey Lake Tavern was
dismissed during trial, and the jury found no cause of action
against defendants Kalanj and Neil Enterprises. Judgment was
entered, Hudson E. Deming, J. Those defendants then moved
for an award of costs, including attorney fees. The court granted
the motion as to Neil Enterprises, but denied it as to defendant
Kalanj. Plaintiff moved for a new trial, which was denied. He
then filed an appeal with the Court of Appeals, to which
defendant Kalanj filed a cross appeal, claiming the trial court
erred in denying her motion for costs and attorney fees.
Plaintiff's appeal was dismissed. Defendant Kalanj's cross appeal
is the only issue addressed by the Court of Appeals.

The Court of Appeals *held:*

The trial court correctly denied defendant Kalanj's motion
for costs and attorney fees. Under other circumstances, defen-
dant may well have been entitled to an award against plaintiff
for actual costs incurred, but in this case plaintiff was required
by the name-and-retain provision of the dramshop act to re-
frain from settling with Kalanj. Under that provision, an
alleged intoxicated person cannot be released from the case
until the claims against all defendants are resolved. If plaintiff

REFERENCES

Am Jur 2d, Intoxicating Liquors § 590.

Settlement with or release of person directly liable for injury or
death as releasing liability under civil damage act. 78 ALR2d 998.

had settled with Kalanj, his entire action, including his claims against the other defendants, would have been subject to dismissal for failure to comply with the name-and-retain provision.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACT — MEDIATION — COSTS — NAME-AND-RETAIN PROVISION.

Acceptance by a plaintiff of a mediation award against an allegedly intoxicated defendant in a dramshop action prior to conclusion of litigation against the dramshop owner either by trial or settlement violates the dramshop act provision requiring that the alleged intoxicated person be named and retained; furthermore, where the plaintiff is constrained by the name-and-retain provision of the dramshop act to reject a mediation evaluation against the alleged intoxicated person in order to maintain the action against the dramshop owner and the jury subsequently finds no cause of action against the alleged intoxicated person, that person is not entitled to costs or attorney fees under the court rule governing a rejecting party's liability for costs (MCL 436.22[6]; MSA 18.993[6]; MCR 2.403[O]).

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky*), for plaintiff.

*Dilley, Dewey & Damon, P.C.* (by *Thomas M. Rizzo*), for Karen Marie Kalanj.

*Frank S. Spies,* for Neil Enterprises, Inc.

Before: WAHLS, P.J., and GRIBBS and R. B. BURNS,* JJ.

PER CURIAM. In this dramshop action in which a jury determined that plaintiff had no cause of action, defendant Karen Marie Kalanj argues that the Barry Circuit Court erred in denying her motion for costs, including attorney fees, under MCR 2.403(O). Under that court rule, if a party and an opposing party reject a mediation evalua-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tion, one of those parties is obligated to pay the actual costs, including reasonable attorney fees, of the other party if the verdict is more favorable to the other party than was the mediation evaluation. In this case, a mediation evaluation of $90,000 against Kalanj was rejected by both plaintiff and Kalanj and, ultimately, a jury determined that Kalanj was not liable to plaintiff for any money damages. The mediation evaluation further assessed liability of $30,000 and $3,000, respectively, against defendants Gilkey Lake Tavern, Inc., and Neil Enterprises, Inc., doing business as Prairie Schooner. The mediation evaluation was rejected by all parties except Neil Enterprises, Inc.

Under other circumstances, defendant Kalanj may well have been entitled to an award against plaintiff for actual costs incurred. In this case, however, as emphasized by the circuit court at the February 19, 1988, hearing on defendant Kalanj's motion for costs under MCR 2.403(0), the name-and-retain provision of the dramshop act, MCL 436.22(6); MSA 18.993(6), required plaintiff to refrain from settling, and thereafter releasing defendant Kalanj from, this case until the claims against all defendants were resolved. That provision requires that an alleged intoxicated person— Kalanj, in this case—must be retained in an action against a bar which allegedly served that person while the person was visibly intoxicated "until the litigation is concluded by trial or settlement." If plaintiff had settled his claim with defendant Kalanj pursuant to the mediation evaluation, his entire action, including his claims against the two bars which allegedly served Kalanj liquor while she was visibly intoxicated, would have been subject to dismissal for failure to comply with the dramshop act's name-and-retain provision. Thus, plaintiff, who did not desire to accept the media-

tion evaluation as it existed regarding the two bars, was constrained to reject the evaluation as it existed regarding defendant Kalanj. To do otherwise would have fatally jeopardized the entire case. Such a result occurred to another plaintiff in *Bodell v Califf,* 164 Mich App 95; 416 NW2d 341 (1987). In that dramshop action, the plaintiff accepted a mediation evaluation against the allegedly intoxicated person, and this Court affirmed an order of the circuit court granting summary disposition to the bar which had allegedly served liquor to that person while the person was visibly intoxicated, on the ground that, by settling with the allegedly intoxicated person, the plaintiff had violated the requirement of the dramshop act's name-and-retain provision. Moreover, the panel in *Bodell* rejected the plaintiff's argument that the name-and-retain provision conflicts with the court rule governing mediation, stating:

> Mediation is not mandatory on any party. MCR 2.403. Here, plaintiff had a choice to either forego mediation or elect to submit to mediation. By agreeing to mediate, plaintiff forfeited his opportunity to proceed against the dramshop defendant since the AIP [allegedly intoxicated person] was no longer a party to the action as required by MCL 436.22(5); MSA 18.993(5). [164 Mich App 98.]

In this case, plaintiff failed to object in any way to the court's order of mediation. See MCR 2.403(C).

Nor could plaintiff have filed a conditional acceptance of the mediation evaluation pursuant to MCR 2.403(L)(3), as is suggested in defendant's appellate brief, so as to have permitted him to have accepted the evaluation against defendant Kalanj and rejected it against the defendant bars. While subsection (L)(3)(b) of that rule provides that "[a] party who accepts all of the [mediation]

awards may specifically indicate that he or she intends the acceptance to be effective only if all opposing parties accept," plaintiff in this case had no intention to accept "all of the [mediation] awards," desiring instead to litigate the liability of the two bars.

Accordingly, we hold that the trial court did not err in denying defendant's motion for costs, including attorney fees, under MCR 2.403(0).

Affirmed.