SHAY v JohnKAL, INC

Docket No. 86016. Argued December 4, 1990 (Calendar No. 4). Decided July 2, 1991.

Timothy J. Shay and Rosemary Shay brought an action in the Kalamazoo Circuit Court against Charles Byars, JohnKal, Inc., and others, seeking damages for injuries sustained in an automobile accident. The Shays accepted mediation awards against Byars, JohnKal, and others, but JohnKal rejected the mediation award. The court, John F. Foley, J., entered a judgment dismissing Charles Byars and granted JohnKal's motion for summary disposition on the ground that the allegedly intoxicated person had not been retained as required by the dramshop act. The Court of Appeals, Doctoroff, P.J., and Sawyer and R. J. Jason, JJ., affirmed in an opinion per curiam (Docket No. 106612). The plaintiffs appeal.

In an opinion by Justices Levin and Boyle, joined by Chief Justice Cavanagh and Justice Brickley, the Supreme Court *held:*

The name and retain provision of the dramshop act did not bar continued maintenance of this dramshop action.

Chief Justice Cavanagh and Justice Levin so concluded because:

A mediation award generally is made after discovery has been completed, pursuant to a court-ordered procedure over which neither the plaintiffs nor the defendants have control, by disinterested persons appointed by or under the supervision of the court. In a particular case, if a defendant tavern owner believes that dismissal of the allegedly intoxicated person poses a risk of collusion and fraud, a protective order may be sought to avoid implementation of the award and dismissal of the allegedly intoxicated person.

Mediation has been mandated by the Supreme Court, with penalties provided for rejection of mediation. Rigid application of the name and retain provision to the point where it would significantly frustrate court-ordered mediation is beyond the intendment of avoiding fraud and collusion. Absent evidence, proffered before the allegedly intoxicated person is dismissed, that there is a risk of fraud and collusion if the allegedly

intoxicated person is dismissed which would justify the court in entering a protective order, a dismissal pursuant to court-ordered mediation is not a dismissal that should be deemed so far within the control of the plaintiff to be violative of the name and retain provision.

The plaintiffs could have rejected the mediation award against the allegedly intoxicated person and risked mediation sanctions. When the plaintiffs and the allegedly intoxicated person both accepted the mediation award, the financial stake of the allegedly intoxicated person was eliminated, and to that extent there was some potential risk of collusion and fraud. That risk, however, was so attenuated that the same dangers of collusion and fraud were not present as were present in earlier decisions of the Supreme Court.

Justices BRICKLEY and BOYLE so concluded because:

It is not clear that mediation is an interest superior to that of preventing collusion and fraud. The potential risk of collusion and fraud in a mediation setting is not so attenuated that that risk should be ignored. Although the very process undertaken by mediation panels diminishes the danger of collusion, the potential for collusion still exists. Case law provides that where the possibility for collusion and fraud exists, the Supreme Court will not subvert legislative intent and allow the plaintiff to reach beyond the allegedly intoxicated person to the tavern owner. Stated otherwise, the creation of a blanket exception to the name and retain provision under these circumstances would directly contravene the purpose of that requirement. Finally, there is no conflict between the name and retain provision and the Michigan Court Rules addressing mediation. Compliance with both is possible although admittedly difficult.

The sanction provisions of the mediation rules, MCR 2.403(O), are unfair, however, when applied in circumstances such as this case where the plaintiff is forced either to reject or conditionally accept a mediation award with regard to the allegedly intoxicated person solely to preserve the cause of action against the dramshop defendant. Blindly assessing sanctions in this case would penalize the plaintiff for complying with the name and retain requirement and deprives her of the full benefits of mediation. Thus, sanctions under MCR 2.403(O) are waived in such circumstances unless the court finds that the rejection was not the result of the need to comply with the name and retain provision of MCL 436.22; MSA 18.993.

Reversed and remanded.

Justice GRIFFIN, joined by Justice RILEY, stated that although MCR 2.403(O) should be amended as set forth in the opinion of

the Court, application should be prospective only. In this case, the name and retain provision of the dramshop act should be applied as it is written. The dramshop act created liability and provided a remedy where none had existed at common law. The liability was carefully defined and the remedy was intended to be exclusive.

Justice MALLETT took no part in the decision of this case.

176 Mich App 400; 439 NW2d 360 (1989) reversed.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for the plaintiffs.

*Vlachos & Vlachos, P.C.* (by *Paul T. Vlachos*), for the defendant.

Amici Curiae:

*Kallas, Lower, Henk & Treado, P.C.* (by *Constantine N. Kallas*), for Michigan Licensed Beverage Association, Michigan Licensed Beverage Association Limited Liability Pool, Bowling Centers Association of Michigan, Bowling Proprietors of Michigan Limited Liability Pool, North Pointe Insurance Company, First Security Insurance Company, and Sourceone Insurance Company.

*John A. Braden* for the Michigan Trial Lawyers Association.

LEVIN and BOYLE, JJ. The question presented is whether the "name and retain" provision of the dramshop act bars continued maintenance of a dramshop action where the "allegedly intoxicated person" has been dismissed from the action because the plaintiff and the allegedly intoxicated person accepted a court-ordered mediation award.

We hold that the "name and retain" provision

does not, in such a case, bar continued maintenance of a dramshop action.

I

Timothy and Rosemary Shay were injured when an automobile he was driving and in which she was riding as a passenger was struck by a vehicle being driven by James Miles, which in turn had been struck by a vehicle being driven by Charles Byars, the allegedly intoxicated person.

The Shays commenced an action against James and Thomas Miles, the operator and the owner of one vehicle, Charles and Robert Byars, the operator and owner of the second vehicle, Kris Ann Phelps, the driver of a third vehicle that struck the Shay vehicle in the rear, Big Daddy's West, where Charles Byars had allegedly consumed alcoholic beverages, and JohnKal, Inc., doing business as Coral Gables, East, another tavern where Charles Byars had allegedly consumed alcoholic beverages.

The Shays accepted mediation awards of $35,000 against the Byars, $1,000 against Phelps, and $1,000 against Big Daddy's West. They accepted, but Miles rejected, a mediation award of $13,000; the claim against Miles was subsequently settled.

The Shays also accepted $15,000 awarded against JohnKal, Inc., but JohnKal rejected the award. When a judgment was entered dismissing Charles Byars, the allegedly intoxicated person, JohnKal moved for dismissal on the ground that the allegedly intoxicated person had not been retained as required by the dramshop act. The trial court granted the motion. The Court of Appeals affirmed.[1]

---

[1] *Shay v Byars*, 176 Mich App 400; 439 NW2d 360 (1989).

II

The dramshop act was amended in 1972[2] to
provide that no action may be commenced or
maintained unless the minor or the alleged intoxi-
cated person to whom a sale in violation of law
was made "is a named defendant in the action and
is retained in the action until the litigation is
concluded by trial or settlement."[3]

In *Salas v Clements*, 399 Mich 103; 247 NW2d
889 (1976), the plaintiffs alleged that they were
assaulted and injured while in the defendant's
tavern by an unknown person who had been
served alcoholic beverages while he was intoxi-
cated. This Court held that the plaintiffs were not
obliged by the "name and retain" amendment to
name and retain the allegedly intoxicated person,
unless they knew his identity.[4] The Court reasoned

[2] 1972 PA 196.

[3] The pertinent provision of the act provides:

   An action under this section against a retail licensee shall
   not be commenced unless the minor or the alleged intoxicated
   person is a named defendant in the action and is retained in
   the action until the litigation is concluded by trial or settle-
   ment. [MCL 436.22(6); MSA 18.993(6).]

[4] The Court said:

   Whether or not an injured plaintiff knows the identity of the
   alleged intoxicated person shall be determined by the judge at
   a hearing. The injured plaintiff must show that he did not, in
   fact, know the identity of the alleged intoxicated person and
   that he exercised due diligence in attempting to ascertain the
   identity of the alleged intoxicated person. [*Id.,* p 110.]

The Court observed, in so holding, that the Court of Appeals had
"accurately characterized the object of this amendment as" elimina-
tion of " 'the common practice whereby the intoxicated person enters
into a settlement with the injured plaintiff for a token sum, and
thereafter energetically assists the plaintiff' " in prosecuting the
action against the tavern owner, and as discouraging " 'possible
collusion and perjury by those too weak to resist the obvious tempta-
tion inherent in the original dramshop act, which has now been

that where the plaintiff does not know the identity of the intoxicated person there is no basis for concern that such a person, in collusion with the plaintiff, would assist the plaintiff in prosecuting the action against the tavern owner.

In *Putney v Haskins,* 414 Mich 181, 184; 324 NW2d 729 (1982), the plaintiffs settled with the allegedly intoxicated person for $40,000 in exchange for a covenant not to sue. The allegedly intoxicated person was not formally dismissed. The trial judge found that there had been no collusion between the plaintiffs and the allegedly intoxicated person. This Court nevertheless held that although the allegedly intoxicated person had been continued as a nominal party he had not been retained in the action.

The Court said that the allegedly intoxicated person "should have been retained as an interested party defendant until the litigation was concluded. One of the ways the 'name and retain' provision prevents fraud and collusion is by ensuring that the defendant will have a direct financial stake in personally testifying, examining witnesses, and arguing that he did not act in a negligent manner."[5]

The Court reiterated that the object of the "name and retain" provision was reducing the

recognized by the Legislature and corrected through this amendment.' " *Id.,* pp 108-109.

[5] *Id.,* p 188.

The Court continued:

> Once the defendant's liability is fixed and limited, he has no incentive to produce witnesses or testimony tending to prove that he was not "visibly intoxicated" on the date in question. The dramshop defendant may have much more difficulty in identifying, locating, and obtaining favorable testimony from the defendant's friends or acquaintances who observed him at relevant times. [*Id.,* p 188.]

"danger of fraud and collusion . . . ." *Id.,* p 189.
The Court said that in *Salas* "the plaintiffs' failure
to 'name and retain' the allegedly intoxicated
person was due to their lack of knowledge of their
assailant's identity, *a circumstance entirely be-
yond their control.*" *Putney, supra,* p 190. (Empha-
sis added.)

In *Tebo v Havlik,* 418 Mich 350, 359; 343 NW2d
181 (1984), the Court held that the rule stated in
*Putney* would be applied only to actions where the
settlement was entered into after the date *Putney*
was decided. Adverting to *Putney,* it was observed
that "[o]nly by requiring the allegedly intoxicated
person to remain at risk could the name and
retain provision's purpose of preventing fraud and
collusion be completely fulfilled."

In *Riley v Richards,* 428 Mich 198, 200; 404
NW2d 618 (1987), this Court held that the "name
and retain" provision was not complied with when
the allegedly intoxicated person, "in return for
plaintiff's agreement to limit liability, admits in-
toxication, negligence, and causation, and waives
privileges and objections to evidence, while contin-
uing to defend on the issue of damages." The
Court adverted to *Putney* and said that, "a defen-
dant must have a 'direct financial stake,'" and
that "[a]lthough the settlement in this case and
the participation of the defendant differ from the
defendant in *Putney,* we believe the same dangers
of collusion and fraud are present. There can be no
degrees of compliance with the 'name and retain'
provision." *Riley, supra,* p 211.

III

The majority of the Court concludes, on different
analyses, that the name and retain provision does
not bar continued maintenance by the Shays of
this dramshop action.

A

The Chief Justice and Justice LEVIN so conclude for the following reasons:

The Shays did indeed have a measure of control. They could have rejected the mediation award against the allegedly intoxicated person and risked mediation sanctions. When the Shays and the allegedly intoxicated person both accepted the mediation award against the allegedly intoxicated person that did, indeed, eliminate the financial stake of the allegedly intoxicated person. To that extent, there is some potential risk of collusion and fraud. That risk, however, in our opinion is so attenuated that "we [do not] believe the same dangers of collusion and fraud are present" (*Riley, supra,* p 211) as were present in *Putney, Tebo,* or *Riley.*

The attorneys for the tavern owners had ample opportunity to develop a testimonial record by deposition that would largely protect against perjurious testimony or false evidence provided by the allegedly intoxicated person.

A mediation award is generally made, after discovery has been completed, pursuant to a court-ordered procedure[6] over which neither plaintiffs nor defendants have control. The award is made by disinterested persons appointed by or under the supervision of the court. If, in a particular case, a defendant tavern owner believes that dismissal of the allegedly intoxicated person poses a risk of collusion and fraud, he may seek a protective order avoiding implementation of the award and dismissal of the allegedly intoxicated person.

This Court has mandated mediation and has provided penalties for rejection of mediation. "Be-

---

[6] MCR 2.403.

cause the Legislature did not define the parameters of 'named' or 'retained,' it is the duty of this Court to provide definitional guidance within the boundaries of legislative intent." *Riley, supra,* p 204. Rigid application of name and retain to the point where it would significantly frustrate court-ordered mediation is beyond the intendment of avoiding fraud and collusion and the legislative intent.

Absent evidence, proffered before the allegedly intoxicated person is dismissed, that there is a risk of fraud and collusion if the allegedly intoxicated person is dismissed justifying the court in entering a protective order, a dismissal pursuant to court-ordered mediation is not a dismissal that should be deemed so far within the control of the plaintiff as to be violative of the "name and retain" provision.

B

Justices BRICKLEY and BOYLE so conclude for the following reasons:

Our colleagues weigh the considerations to be advanced by the name and retain requirement and those to be advanced by the mediation rules and strike the balance in favor of those that facilitate mediation. Regarding persons in the same position as the Shay's there are several reasons that we do not strike the same balance. First, it is not clear that mediation is an interest superior to that of preventing collusion and fraud. Second, we disagree with the conclusion that the potential risk of collusion and fraud in a mediation setting is so attenuated that that risk should be ignored.[7] We agree that the very process undertaken by mediation panels diminishes the danger of collusion, however, the potential for collusion still exists. For

[7] *Ante,* p 401.

example, the plaintiff and alleged intoxicated person could agree that in exchange for the allegedly intoxicated person's assistance in its trial against the dramshop defendant, the plaintiff would not execute the mediation judgment to its fullest extent. This Court in *Riley* and *Putney* clarified that where the possibility for collusion and fraud exists, the Court will not subvert legislative intent and allow the plaintiff to reach beyond the allegedly intoxicated person to the tavern owner. Stated otherwise, the creation of a blanket exception to the name and retain provision under these circumstances would directly contravene the purpose of that requirement.[8]

Finally, we see no conflict between the name and retain provision and the Michigan Court Rules addressing mediation. Compliance with both is possible although admittedly difficult. To illustrate, on the one hand, if the plaintiff accepts what she considers to be a fair mediation award with regard to the allegedly intoxicated person, it is inevitable that her action against the dramshop defendant will be dismissed for failure to comply with the act's name and retain requirement. On the other hand, if the plaintiff either rejects or conditionally accepts[9] a mediation award with re-

---

[8] This is especially true in light of MCR 2.403(A)(2) which requires that after October 1, 1986, absent a showing of good cause why mediation is inappropriate, all tort actions must be mediated. If this Court were to adopt a rule that excepted all dramshop plaintiffs from naming and retaining the allegedly intoxicated person in the tort action, the exception would essentially devour the name and retain requirement.

[9] Under MCR 2.403(L)(3)(b), the conditional acceptance option is available to the plaintiff only if she chooses to accept the mediation award with regard to *all* opposing parties. Furthermore, if the plaintiff conditionally accepts the award with regard to the allegedly intoxicated person, MCR 2.403(L)(3)(c) indicates that the acceptance is effective only if all opposing parties also accept the award. If some of the opposing parties accept, i.e., the allegedly intoxicated person, and others reject, i.e., the dramshop defendant, for sanction purposes, the

gard to the allegedly intoxicated person solely to preserve her cause of action against the dramshop defendant, MCR 2.403(O) mandates that she must pay sanctions if she does not receive an award following trial at least ten percent greater than the mediation award. Thus, the plaintiff does have the option of retaining the allegedly intoxicated person in her dramshop action, but she does so at the risk of being assessed sanctions under MCR 2.403(O).

Acknowledging the difficult dilemma facing plaintiffs such as the Shays, we would adopt the approach utilized by the Court of Appeals in *Baker v Kalanj,* 182 Mich App 565; 452 NW2d 818 (1989), and provide for the waiver of sanctions under MCR 2.403(O) under similar circumstances unless the court finds that the rejection was not the result of the need to comply with the name and retain provision of MCL 436.22; MSA 18.993.[10]

In *Baker,* the Court found no cause of action for the plaintiff in a dramshop action, and the allegedly intoxicated person sought sanctions. The Court of Appeals affirmed the trial court's denial of the motion for sanctions. Despite the language of MCR 2.403(O), the *Baker* Court was persuaded by the plaintiff's argument that he was forced to

plaintiff is deemed to have rejected with regard to those opposing parties who have accepted. In other words, the plaintiff is deemed to have rejected with regard to the allegedly intoxicated person and is subject to sanctions under MCR 2.403(O).

The practical effect of this rule is that it places the plaintiff in a difficult situation and gives the dramshop defendant every incentive to reject the mediation award. Thus, the name and retain requirement, in combination with the mediation court rule, gives the dramshop defendant an unfair advantage.

[10] For example, the award with respect to the allegedly intoxicated person may be so low that the court can say with assurance that the rejection was because the plaintiff considered the award inadequate, not because of the name and retain provision. Another example would be where the plaintiff has settled with the dramshop before mediation. In that case, there is no possibility that the plaintiff's rejection of the award with respect to the allegedly intoxicated person was motivated by the name and retain provision.

reject the mediation award because an acceptance would preclude him from satisfying the dramshop act's name and retain requirement and thus would jeopardize his case against the dramshop defendant.

The sanction provisions of the mediation rules, MCR 2.403(O), are unfair when applied in circumstances where the plaintiff in a dramshop action is forced to either reject or conditionally accept a mediation award with regard to the allegedly intoxicated person solely to preserve its cause of action against the dramshop defendant. Blindly assessing sanctions here would penalize the plaintiff for complying with the name and retain requirement and deprives her of the full benefits of mediation. Thus, we hold that sanctions under MCR 2.403(O) are waived in these circumstances unless the court finds that the rejection was not the result of the need to comply with the name and retain provision of MCL 436.22; MSA 18.993. This approach serves the dual purpose of facilitating the legislative intent underlying the dramshop act's name and retain provision and alleviates the threat of sanctions when a plaintiff complies with that requirement.

Reversed and remanded to the circuit court.

CAVANAGH, C.J., and BRICKLEY, J., concurred with LEVIN and BOYLE, JJ.

GRIFFIN, J. (*dissenting*). For reasons set forth in *Spalo v A & G Enterprises,* decided today, 437 Mich 406; 471 NW2d 546 (1991), I dissent. I favor the amendment of MCR 2.403(O), adopted today; however, I would apply it prospectively.

RILEY, J., concurred with GRIFFIN, J.

MALLETT, J., took no part in the decision of this case.