SPALO v A & G ENTERPRISES (AFTER REMAND)

Docket No. 86746. Argued December 4, 1990 (Calendar No. 5). De-
cided July 2, 1991. Rehearing denied *post,* 1285.

Gary *Spalo* and *Jacalyn Spalo* brought an action in the Oakland
Circuit Court against Pauline Morrow, A & G Enterprises, and
others, seeking damages for injuries sustained in an automobile
accident. The court, Francis X. O'Brien, J., granted summary
disposition for the defendants and dismissed Morrow because
the injuries did not meet the no-fault threshold of serious
impairment of body function or permanent serious disfigure-
ment, and remanded the case to the 52-2 District Court. The
court, Gerald E. McNally, J., dismissed the action against
A & G Enterprises because of the failure to retain the allegedly
intoxicated person as required by the dramshop act. The circuit
court reversed. The Court of Appeals, WEAVER, P.J., and MAC-
KENZIE and D. E. HOLBROOK, JR., JJ., denied leave to appeal
(Docket No. 104321). The Supreme Court remanded the case to
the Court of Appeals for consideration as on leave granted, 431
Mich 873 (1988). On remand, the Court of Appeals, SULLIVAN
and REILLY, JJ. (McDONALD, P.J., dissenting), reversed in an
unpublished opinion per curiam, reinstating the dismissal of
A & G Enterprises (Docket No. 112103). The plaintiffs appeal.

The decision of the Court of Appeals was affirmed by equal
division.

Since 1972, commencement or maintenance of an action
under the dramshop act is expressly precluded unless the
minor or the allegedly intoxicated person to whom a sale of
intoxicating liquors was made in violation of the law is a
named defendant and is retained in the action until the litiga-
tion is concluded by trial or settlement. The statute should be
applied as written.

In enacting the dramshop act, the Legislature created liabil-
ity and provided a remedy where none had existed at common

law. The liability was carefully defined, and the remedy was intended to be exclusive. Subsequent case law has construed the name and retain provision strictly, declining to find degrees of compliance. Arguments regarding harshness of results should be directed to the Legislature.

Justice LEVIN, joined by Chief Justice CAVANAGH and Justice BOYLE, stated that the name and retain provision of the dramshop act does not bar continued maintenance of a dramshop action where the allegedly intoxicated person has been dismissed from the action because the court determines that the plaintiff's injuries were less severe than the no-fault act's threshold. At that juncture, it is the court, not the plaintiff, that has mandated the dismissal of the allegedly intoxicated person.

The dramshop act was amended in 1972 to provide that no action may be commenced or maintained unless the minor or the allegedly intoxicated person to whom a sale was made in violation of law is a named defendant and is retained in the action until the litigation is concluded by trial or settlement. The object of the name and retain provision is to eliminate the danger of collusion and fraud. Where the allegedly intoxicated person is dismissed from an action through no personal fault of the plaintiff and the dangers of collusion and fraud are not present, the name and retain provision should not be an obstacle to recovery under the dramshop act.

In this case, the failure to retain the allegedly intoxicated person was not a violation of the retain component of the "name and retain" provision, but was a result of a circumstance entirely beyond the plaintiffs' control. It was the court that dismissed the allegedly intoxicated person after determining that the injuries did not meet the no-fault threshold of serious impairment of body function or permanent serious disfigurement. Once the allegedly intoxicated person was dismissed, there was no danger of fraud or collusion.

Justice MALLETT took no part in the decision of this case.

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for the plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Mark C. Smiley, Thomas F. Myers,* and *Rosalind Rochkind*), for the defendant.

Amici Curiae:

*Kallas, Lower, Henk & Treado, P.C.* (by *Constan-*

*tine N. Kallas*), for Michigan Licensed Beverage Association, Michigan Licensed Beverage Association Limited Liability Pool, Bowling Centers Association of Michigan, Bowling Proprietors of Michigan Limited Liability Pool, North Pointe Insurance Company, First Security Insurance Company, and Sourceone Insurance Company.

*John A. Braden* for the Michigan Trial Lawyers Association.

Griffin, J. We are required to decide whether an action against a dramshop defendant arising from an automobile accident can be maintained after the allegedly intoxicated person has been dismissed from the suit because the plaintiff could not meet the no-fault tort liability threshold of "serious impairment of body function, or permanent serious disfigurement," MCL 500.3135(1); MSA 24.13135(1). We conclude that action against the dramshop defendant is barred under these circumstances by noncompliance with the "name and retain" provision of the dramshop act, MCL 436.22; MSA 18.993.

I

Plaintiff Gary Spalo was injured when his vehicle was struck by one driven by Pauline Morrow. He brought this action against Morrow and Joseph Suppa, owner of the vehicle driven by Morrow, and against A & G Enterprises, doing business as Carmen's Family Restaurant, where Morrow before the accident had allegedly consumed alcoholic beverages.

The circuit judge granted motions for summary judgment dismissing Morrow and Suppa on the

basis that the injuries suffered by plaintiff did not meet the threshold requirements of tort liability for noneconomic loss under the no-fault act. The case was remanded to the district court which then entered summary judgment dismissing A & G Enterprises because Morrow, the allegedly intoxicated person, was not retained in the suit as required by the dramshop act. The circuit court reversed, and the Court of Appeals denied leave to appeal. However, after this Court remanded the case to the Court of Appeals for consideration as on leave granted, the Court of Appeals reversed and reinstated the district court's order dismissing A & G Enterprises.[1] We then granted leave to appeal.[2]

II

Since 1972, the dramshop act has expressly precluded commencement or maintenance of an action brought under the statute unless the minor or the allegedly intoxicated person to whom a sale in violation of the law was made "is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."[3]

The question presented in this appeal is whether the "name and retain" provision means what it says. Plaintiff would have us create a judicial

[1] Unpublished opinion per curiam of the Court of Appeals decided July 7, 1989 (Docket No. 112103).

[2] 435 Mich 865 (1990).

[3] The provision now reads:

   An action under this section against a retail licensee shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement. [MCL 436.22(6); MSA 18.993(6).]

exception to a mandate laid down by the Legislature which is clear and unambiguous. We believe the statute must be applied as written, and suggest that those who consider the result harsh should direct their arguments to the Legislature.

When it enacted the dramshop act, the Legislature created liability and provided a remedy where none had existed at common law. *Browder v Int'l Fidelity Ins Co,* 413 Mich 603, 612-613; 321 NW2d 668 (1982). Clearly, the liability was carefully defined and the remedy was intended to be exclusive. *Id.,* p 612.[4]

In *Millross v Plum Hollow Golf Club,* 429 Mich 178, 184; 413 NW2d 17 (1987), this Court underscored the general principle of law that

> where a statute creates a new right and prescribes a particular remedy, the remedy is exclusive and must be strictly construed. *Holland v Eaton,* 373 Mich 34; 127 NW2d 892 (1964), overruled on other grounds 394 Mich 179; 229 NW2d 332 (1975). See also *Thurston v Prentiss,* 1 Mich 193 (1849); *In re Quinney Estate,* 287 Mich 329; 283 NW 599 (1939).

Speaking through Justice BOYLE, the Court added,

> Application of the foregoing principle is particularly appropriate here because the dramshop act appears as a self-contained measure with the new remedy and liability under it carefully balanced in a fair and reasonable manner. [*Id.*]

To date, this Court has recognized only one

---

[4] See also *Jackson v PKM Corp,* 430 Mich 262; 422 NW2d 657 (1988); *Millross v Plum Hollow Golf Club,* 429 Mich 178, 185-186, n 1; 413 NW2d 17 (1987). This legislative intent was codified in an amendment of the act, which states in part that "[t]his section provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor." 1986 PA 176, MCL 436.22(11); MSA 18.993(11).

exception to the "name and retain" requirement. In *Salas v Clements,* 399 Mich 103, 110; 247 NW2d 889 (1976), the plaintiff was assaulted by an unknown allegedly intoxicated person. We held there that "the 'name and retain' amendment only applies to those injured plaintiffs who know the identity of the alleged intoxicated person."

Notwithstanding the deviation in *Salas,* this Court returned to the course of strict construction when it later decided *Putney v Haskins,* 414 Mich 181, 187; 324 NW2d 729 (1982), and *Riley v Richards,* 428 Mich 198, 213; 404 NW2d 618 (1987). In *Putney* we said that "difficult factual questions were avoided when the Legislature adopted a per se rule requiring the defendant to be 'retained in the action until the litigation is concluded by trial or settlement.' " *Id.,* p 187.

Then, we continued:

> The Legislature could have required the allegedly intoxicated defendant to be retained "unless the trial judge finds the absence of fraud and collusion and approves the settlement." For some reason, perhaps because it recognized the difficulties inherent in that sort of inquiry and the resulting drain on judicial resources, the Legislature chose not to write such an exception into the statute. We similarly decline to create such an exception by judicially amending the statute. [*Id.*]

In *Riley, supra,* p 214, this Court flatly stated,

> the particular dangers of reaching beyond the allegedly intoxicated person to the owner of a tavern were considered, by the Legislature, to admit *no exceptions* to being "named and retained" in the action. [Emphasis supplied.]

Speaking through Justice BRICKLEY, the *Riley*

Court also said, "There can be no degrees of compliance with the 'name and retain' provision." *Id.,* p 211.

Whether the judicial exception urged upon us by the plaintiff in this case would represent better public policy than the strict requirement laid down by the Legislature is not a question that is before us. We are not dealing here with the common law.

We agree with Justice RYAN who in *Salas* counseled:

> Under the "name and retain" amendment certain plaintiffs will be barred from the statutory cause of action because they are unable or unwilling to comply with its requirements. Others will not obtain relief because they are unable to meet the burden of proof set out in the statute or to show the causal relationship required under the statute. These requirements are certainly not the only way, and perhaps not the best way, to carry out the policies of the Liquor Control Act. However, absent a transgression of constitutional limitations, "such arguments are properly addressed to the legislature, not to us. We refuse to sit as a 'superlegislature to weigh the wisdom of the legislation,' " *Ferguson v Skrupa,* 372 US 726, 731; 83 S Ct 1028; 10 L Ed 2d 93 (1963), quoting *Day-Brite Lighting, Inc v Missouri,* 342 US 421, 423; 72 S Ct 405; 96 L Ed 469 (1952). [*Salas, supra,* pp 114-115 (RYAN, J., dissenting).]

Accordingly, we would affirm the decision of the Court of Appeals.

BRICKLEY and RILEY, JJ., concurred with GRIFFIN, J.

LEVIN, J. The question presented is whether the "name and retain" provision of the dramshop act

bars continued maintenance of a dramshop action where the "allegedly intoxicated person" has been dismissed from the action because the court determines that the plaintiff's injuries were less severe than the no-fault automobile liability act threshold.[1]

We would hold that the "name and retain" provision does not bar continued maintenance of a dramshop action because it is the court and not the plaintiff that has dismissed the allegedly intoxicated person at that juncture.

I

The dramshop act was amended in 1972[2] to provide that no action may be commenced or maintained unless the minor or the alleged intoxicated person to whom a sale in violation of law was made "is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."[3]

In *Salas v Clements*, 399 Mich 103; 247 NW2d 889 (1976), the plaintiffs alleged that they were assaulted and injured while in the defendant's tavern by an unknown person who had been served alcoholic beverages while he was intoxicated. This Court held that the plaintiffs were not obliged by the "name and retain" amendment to name and retain the allegedly intoxicated person, unless they knew his identity. The Court reasoned

[1] MCL 500.3135; MSA 24.13135.

[2] 1972 PA 196.

[3] The pertinent provision of the act provides:

An action under this section against a retail licensee shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement. [MCL 436.22(6); MSA 18.993(6).]

that where the plaintiff does not know the identity of the intoxicated person there is no basis for concern that such a person, in collusion with the plaintiff, would assist the plaintiff in prosecuting the action against the tavern owner.

In *Putney v Haskins,* 414 Mich 181, 184; 324 NW2d 729 (1982), the plaintiffs settled with the allegedly intoxicated person for $40,000 in exchange for a covenant not to sue. The allegedly intoxicated person was not formally dismissed. The trial judge found that there had been no collusion between the plaintiffs and the allegedly intoxicated person. This Court nevertheless held that although the allegedly intoxicated person had been continued as a nominal party he had not been retained in the action.

The Court reiterated that the object of the "name and retain" provision was reducing the "danger of fraud and collusion . . . ." *Id.,* p 189. The Court said that in *Salas* "the plaintiffs' failure to 'name and retain' the allegedly intoxicated person was due to their lack of knowledge of their assailant's identity, *a circumstance entirely beyond their control." Putney, supra,* p 190. (Emphasis added.)[4]

II

In the instant case, as in *Salas,* the failure to retain the allegedly intoxicated person was as a result of "a circumstance entirely beyond" the

[4] In *Riley v Richards,* 428 Mich 198, 211; 404 NW2d 618 (1987), this Court adverted to *Putney* and said that "a defendant must have a 'direct financial stake,' " and that "[a]lthough the settlement in this case and the participation of the defendant differ from the defendant in *Putney,* we believe the same dangers of collusion and fraud are present. There can be no degrees of compliance with the 'name and retain' provision." See also *Tebo v Havlik,* 418 Mich 350, 359; 343 NW2d 181 (1984).

plaintiff's control. The circuit court had determined that Spalo's injuries did not meet the no-fault threshold of serious impairment of body function or permanent serious disfigurement.

To be sure, the allegedly intoxicated person, once dismissed, no longer had a "direct financial stake"[5] in the outcome. But neither did the allegedly intoxicated person in *Salas.* In all events, because there was no cause of action against the allegedly intoxicated person, and for that reason the allegedly intoxicated person had no "direct financial stake," there was no danger of fraud or collusion.

When the allegedly intoxicated person is dismissed from the action through no fault of his own and the dangers of collusion and fraud are not present, as in the instant case, the name and retain provision should not be an obstacle to recovery under the dramshop act. The exception set out in *Salas* remains viable after *Putney* and *Riley,* and applies on the facts in the instant case.

We would hold that where the plaintiff names the allegedly intoxicated person as a defendant, and the court dismisses the allegedly intoxicated person because the plaintiff does not have a cause of action against the allegedly intoxicated person, there is no violation of the "retain" component of the name and retain provision because the dismissal is beyond the control of the plaintiff.

III

Amicus curiae has suggested the possible application of still another amendment of the dramshop act, providing that "[a]ll defenses of the alleged visibly intoxicated person or the minor shall be

---

[5] See n 4 *supra.*

available to the licensee."[6] A & G Enterprises, the dramshop defendant, did not, however, seek or obtain summary disposition on the basis of this provision.

Also pertinent is that this provision, when first enacted in 1972 PA 196, spoke of "all *factual* defenses" and it was not until it was amended by 1986 PA 176 that the word "factual" was eliminated. The claim arose before the effective date of the amendment.

The Court of Appeals has considered in a number of cases the question whether a dramshop action may be maintained, consistent with the name and retain provision, where the plaintiff, for whatever reason, does not have a cause of action against the allegedly intoxicated person. The Court has generally held that an action may nevertheless be maintained.[7] The argument advanced by the amicus curiae under the "all defenses" provision should be considered and decided in a case where the issue has been raised at the trial level.

CAVANAGH, C.J., and BOYLE, J., concurred with LEVIN, J.

MALLETT, J., took no part in the decision of this case.

---

[6] MCL 436.22(8); MSA 18.993(8).

[7] See, e.g., *Luberski v North,* 148 Mich App 675, 679; 384 NW2d 840 (1986).