HENSLEY v INVESTORS FOUR, INC

Docket No. 197196. Submitted February 10, 1998, at Detroit. Decided March 20, 1998, at 9:05 A.M. Leave to appeal sought.

Anthony and Vicki Hensley brought an action in the Genesee Circuit Court, alleging negligence by minor Cassandra Siegrist, automobile owner's liability by Judith Siegrist, and dramshop liability by Investors Four, Inc., for serving alcohol to Cassandra Siegrist, who subsequently was involved in an automobile accident with the plaintiffs. A mediation panel returned an evaluation in favor of the plaintiffs and against the defendants. The plaintiffs and defendants Siegrist accepted the mediation award, and a judgment against the Siegrists was entered. Investors Four moved for summary disposition, contending that the plaintiffs no longer complied with the "name and retain" provision of the dramshop act, MCL 436.22(6); MSA 18.993(6), once judgment against Cassandra Siegrist, the alleged intoxicated person, was entered. The court, Judith A. Fullerton, J., granted the motion. The plaintiffs appealed.

The Court of Appeals *held*:

The dismissal of the alleged intoxicated person from the action was within the plaintiffs' control and violated the name and retain provision of the dramshop act. The plaintiffs could have avoided violating the name and retain provision by accepting the mediation award pursuant to MCR 2.403(L)(3)(b) on the condition that their acceptance would be effective only if all defendants likewise accepted the award. Because the plaintiffs' acceptance of the mediation award was not conditional, the trial court had to dismiss the dramshop claim as a matter of law.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACTIONS — NAME AND RETAIN ALLEGED INTOXICATED PERSONS — MEDIATION.

A plaintiff in a dramshop action can accept a mediation evaluation against the alleged intoxicated person and the dramshop and not violate the provision of the dramshop act that requires that the alleged intoxicated person be retained in the action by making the acceptance conditional on the acceptance of both defendants; if the alleged intoxicated person is dismissed from the action and the dismissal was within the plaintiff's control and violated the name

and retain provision, the action against the dramshop must be dismissed as a matter of law (MCL 436.22[6]; MSA 18.993[6]; MCR 2.403[O][9], 2.403[L][3][b]).

*Law Offices of James J. Zimmer, P.C.* (by *Mark N. Clement*), for Anthony and Vicki Hensley.

*Mark F. Pimlott*, for Investors Four, Inc.

Before: DOCTOROFF, P.J., and REILLY and G. S. ALLEN*, JJ.

PER CURIAM. In this negligence and dramshop action, plaintiffs appeal as of right from the trial court order granting summary disposition to defendant Investors Four, Inc., doing business as Churchill's of Flint (the dramshop defendant). We affirm.

This action arose out of an August 1994 accident in which a vehicle driven by defendant Cassandra Siegrist collided with a vehicle driven by plaintiff Anthony Hensley and in which plaintiff Vicki Hensley was a passenger. Plaintiffs brought suit against Cassandra Siegrist, alleging negligence, and against Judith Siegrist as the owner of the vehicle. They also sought to recover against Investors Four, Inc., pursuant to MCL 436.22; MSA 18.993, commonly known as the dramshop act, alleging that Churchill's had furnished alcohol to Cassandra Siegrist, a minor. The matter was mediated, and plaintiffs accepted an award against all defendants. Cassandra Siegrist and Judith Siegrist also accepted the mediation award and judgment was entered against them pursuant to MCR 2.403(M)(2), leaving only plaintiffs and the dramshop defendant as parties to the action. The dramshop

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

defendant consequently moved for summary disposition, arguing that plaintiffs had violated the "name and retain" provision of the Liquor Control Act, MCL 436.22(6); MSA 18.993(6), when they accepted the mediation award with respect to the allegedly intoxicated person because the resulting judgment disposed of all claims between plaintiffs and the allegedly intoxicated person pursuant to MCR 2.403(M)(2).

This Court reviews summary disposition decisions de novo and must examine the record in order to determine whether the prevailing party was entitled to judgment as a matter of law. *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995). Whether the name and retain provision of MCL 436.22(6); MSA 18.993(6) applies where the allegedly intoxicated person is not retained because of the acceptance of a mediation award involves the interpretation of a statute, which is also reviewed de novo as a question of law. *First of America Bank v Thompson*, 217 Mich App 581, 583; 552 NW2d 516 (1996).

MCL 436.22(6); MSA 18.993(6) provides:

> An action under this section against a retail licensee shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

As a remedial statute, the dramshop act should be strictly construed. *Millross v Plum Hollow Golf Club*, 429 Mich 178, 184; 413 NW2d 17 (1987); *Turnley v Rocky's Teakwood Lounge, Inc*, 215 Mich App 371, 375; 547 NW2d 33 (1996).

The present case involves facts identical to those in *Shay v JohnKal, Inc*, 437 Mich 394, 396; 471 NW2d 551 (1991). In that case, the Michigan Supreme Court recognized the potential conflict between the name and retain provision of the dramshop act and mediation sanction rules of MCR 2.403(O). *Shay, supra* at 396. The key issue was whether the name and retain provision prevented the continuation of a dramshop action after the allegedly intoxicated person had been dismissed as a result of mediation. *Id.* In a four-to-two plurality decision,[1] the Michigan Supreme Court held that the name and retain provision of the dramshop act did not bar the continuance of the dramshop lawsuit. *Id.* at 400.

Plaintiffs rely on language in *Shay* that "a dismissal pursuant to court-ordered mediation is not a dismissal that should be deemed so far within the control of plaintiff as to be violative of the name and retain provision." *Id.* at 402. However, this is clearly not the holding in *Shay*. Although Justices CAVANAGH and LEVIN's reasoning would support plaintiffs' argument, the plurality opinion in *Shay* presented differing views about exactly how much danger of fraud and collusion remained after the mediation process. Indeed, Justices BRICKLEY and BOYLE were concerned that a blanket exception for dismissals pursuant to mediation would virtually eliminate the name and retain requirement. *Id.* at 403 and n 8. As a result, the holding in *Shay* was more limited and merely eliminated a conflict between mediation *sanctions* and the name and retain provisions of the dramshop act. *Shay* did not change the name and retain provision, nor did

---

[1] Justice MALLETT did not take part in the decision.

it announce an exception to the name and retain requirement. Instead, *Shay* amended the court rule that created the conflict to allow *a waiver of sanctions* where a plaintiff was forced to reject or conditionally accept a mediation award because of the need to comply with the name and retain provisions. *Id.* at 405. The amended court rule continues to impose mediation sanctions where the plaintiff's rejection of a mediation award was not due to the need to comply with the name and retain provision. MCR 2.403(O)(9).

The plaintiffs in *Shay* were allowed to continue their dramshop action because, under the old court rule, they were subjected to being "forced into" an unconditional acceptance in order to avoid mediation sanctions. *Shay, supra* at 403-404, n 9. This is not the situation in the present case. While it is true that plaintiffs had no control over the mediation award, they did maintain a measure of control of their acceptance of the award not available to the plaintiffs in *Shay*. Under the new court rule, no sanctions are imposed where a party is deemed to reject an award under subrule (L)(3)(c), the situation facing the plaintiffs in *Shay*, where the rejection was motivated by the need to comply with the name and retain provision. MCR 2.403(O)(9). In the present case, plaintiffs could have chosen to accept the mediation award conditionally with respect to all opposing parties. MCR 2.403(L)(3)(b). This conditional acceptance would have been effective only if all opposing parties also accepted the mediation award. MCR 2.403(L)(3)(b). The court rule specifically states:

If such a limitation is not included in the acceptance, an accepting party is deemed to have agreed to entry of judg-

ment . . . as to that party and those of the opposing parties who accept, with the action to continue between the accepting party and those opposing parties who reject. [MCR 2.403(L)(3)(b). ]

There being no possibility of sanctions because of the holding in *Shay* and MCR 2.403(O)(9), plaintiffs cannot argue that they were forced into an unconditional acceptance by the threat of sanctions. Plaintiffs could have completely avoided violating the name and retain provision and still promoted their settlement interests by filing a conditional acceptance of the mediation award.

Because the dismissal of the allegedly intoxicated person in the present case was within plaintiffs' control and violated the name and retain provision, the trial court was required to dismiss the action as a matter of law, and summary disposition was proper.

Affirmed.